## STATE *vs.* FRANK FALCONE.

### JULY 1, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1) Criminal Law. Evidence.*

In a criminal prosecution evidence was properly received to show when defendant was first seen in the town where the offence was committed, after the assault, by persons who were engaged in searching for him.

*(2) Trial. Order of Proof.*

It is within the power of a justice presiding at a jury trial to regulate the order of proof. In his discretion he may admit competent evidence at any stage of the trial, and no distinction exists between civil and criminal causes. Such

evidence may be admitted after the State has rested its case and to the exercise of such discretion no exception lies.

(*3*)   *Criminal Law.   Evidence.*

Where the justice presiding at a criminal trial might have permitted the introduction in rebuttal of the shovel with which an assault was alleged to have been committed, but in the exercise of his discretion refused permission to introduce it, there was no impropriety on the part of the prosecution in bringing it into court and seeking permission to introduce it, the circumstances giving no support to the claim of defendant that it was offered after the case in chief had been closed for the purpose of improperly influencing the jury, and no ground being shown for the inference that the minds of the jury were inflamed by the sight of it, and nothing to show that it was a different shovel from the one already described by the witnesses.

INDICTMENT.   Heard on exceptions of respondent and overruled.

SWEETLAND, J.   The above entitled cause is an indictment charging the respondent with an assault upon one Robert P. Day with a shovel with intent to kill said Robert P. Day.   The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict that the respondent was guilty of an assault with a dangerous weapon. The case is before us upon the respondent's exceptions to certain rulings of said justice made in the course of the trial.

Upon the day when the assault is alleged to have been committed, the respondent was employed in a certain quarry in the town of Westerly of which said Robert P. Day was foreman.   The respondent admits that he struck said Day with a shovel but claims that he did so to defend himself against an assault upon him by said Day with a hammer.

The respondent excepted to the ruling of said justice permitting the operator of said quarry to testify that he did not see the respondent until a year and a half after the alleged assault.   This testimony was introduced by the State as part of its evidence tending to show that after the alleged assault the respondent immediately ran away and concealed himself from the authorities.   The witness testified that after the occurrence in question he searched for the respondent; that he went to the respondent's house several

times to look for him; that he had caused circulars to be printed and sent out over the country in an effort to apprehend the respondent; that when the witness first saw the respondent one year and a half after the alleged assault the respondent was getting off the train at the Westerly station, and when he saw the witness the respondent "kind of pulled his hat down over his eyes and scooted off up along by the side of the train." There was also other evidence introduced to the effect that although diligent search was made for the respondent the police authorities were unable to find him.

(1) As a part of this general line of inquiry we think that the State should have been permitted to show when the respondent was first seen in Westerly after the assault by persons who were engaged in searching for him. In its case against a person accused of crime the State may show that person's flight after the time when the crime was committed, not because it raises a legal presumption of guilt, but because it is a circumstance bearing upon the question of the respondent's guilt which may be presented for the consideration of the jury. *State* v. *Papa*, 32 R. I. 453. Further in this case the respondent was not prejudiced by the testimony in question for he himself testified in his direct examination that he left the town of Westerly and stayed away until January, 1916, about fourteen months after the assault. And in cross-examination in answer to the question, "Now what did you run away for?", he answered, "I was kind of afraid," and he further testified in cross-examination that he stayed away for about a year and a half.

The two exceptions of the respondent relating to the admission of certain testimony of the Chief of Police of Westerly are entirely without merit.

At the conclusion of the State's evidence in chief, counsel for the respondent moved that the indictment be dismissed on the ground that it charged that the assault was committed in Westerly and the State had presented no evidence to establish that allegation. Immediately the Assistant Attorney General moved that he be permitted to reopen the case and

present evidence upon that point.  Said justice granted the motion of the Assistant Attorney General and to this ruling the respondent excepted and has urged that exception before us.  It is within the power of a justice presiding at a jury trial to regulate the order of proof.  In his discretion he may admit competent evidence at any stage of the trial.  The respondent contends that such power is restricted to the trial of civil causes.  No such distinction exists.  It was within the judicial discretion of said justice to permit the State to introduce the evidence in question after it had rested its case; and to the exercise of such discretion no exception lies.

In rebuttal the State sought to offer as an exhibit the shovel with which it claimed the assault had been committed. The Assistant Attorney General stated that said shovel was not in the courtroom when the State was presenting its evidence in chief.  The justice denied the request of the State.  The respondent then moved that the case be taken from the jury on the ground that the State had brought the shovel into court after closing its case for the purpose of improperly influencing the jury.  The justice denied the respondent's motion.  To this ruling the respondent excepted and has brought said exception before us.  In accordance with ordinary practice in criminal cases it would have been proper for the justice to have permitted the State when it was presenting its evidence in chief to introduce the shovel as an exhibit, if the evidence tended to establish the identity of the shovel as the weapon with which the assault had been committed.  Said justice in the exercise of his discretion might have permitted its introduction in rebuttal. He refused to permit the State to go on and establish the identity of the shovel; but we fail to see any impropriety on the part of the prosecution in bringing the shovel into court and seeking permission to introduce it.  The circumstances give no support to the respondent's claim that the State offered the shovel as an exhibit after its case in chief had been closed for the purpose of improperly influencing the

jury.    Even if the shovel at the table of the prosecutor was seen by the jury there is no ground for the inference that thereby the minds of the jury were inflamed against the respondent.    The shovel with which the State claimed that the asault had been committed was described by two witnesses for the prosecution as a common round pointed shovel.    The respondent in his testimony said that he struck the injured man with a shovel.    Nothing has been presented to us tending to establish that the shovel which the State brought into the court room was of a kind different from that described by the witnesses.    It does not appear to us that the sight of a common shovel, more than a description of it by witnesses, would be likely to arouse in the jury a feeling of antipathy or hatred against the respondent. Said justice properly denied the respondent's motion to take the case from the jury.

All of the respondent's exceptions are overruled and the case is remitted to the Superior Court for sentence.

*Fred A. Otis, 3d Assistant Attorney General,* for State.
*Herbert W. Rathbun, John J. Dunn,* for defendant.