SAMUEL BEVAN *vs.* RALPH COMSTOCK.

MAY 25, 1927.

PRESENT:   Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   New Trial.   Successive Verdicts.*

While it is for the trial court after verdict to exercise his independent judgment, the final decision of disputed facts where the evidence is conflicting still inheres in the jury, and after three successive verdicts for plaintiff which have been in turn set aside by the trial court, the court finds that it is time for litigation to end and orders judgment on the verdict.

TRESPASS for assault and battery. Heard on exception of plaintiff and sustained.

STEARNS, J. The action is trespass for assault and battery. After a jury trial and verdict for plaintiff, on defendant's motion the trial justice granted a new trial. To this the plaintiff took exception and the case is in this court on his bill of exceptions.

This is the third successive verdict for plaintiff in the three trials of the case. After each trial, on motion of defendant, a new trial was directed by the trial justice presiding. At the first trial, in February, 1923, defendant pleaded the general issue and specially in justification. After verdict against him, defendant, for the first time, on his motion for a new trial, brought to the attention of the court the fact that defendant at the time of the trial was a minor and no guardian *ad litem* had been appointed to defend him. In his rescript the trial justice stated that he disapproved of defendant's conduct in permitting the trial to proceed without disclosing his infancy to the court but that under the law, although reluctantly, he was constrained to grant a new trial. After the second trial and verdict for plaintiff, in May, 1925, the trial justice stated that he granted a new trial because there was considerable question in his mind whether plaintiff received his injuries in the manner and at the place he asserted. The third trial was in October, 1926. The trial justice in granting a new trial stated that he believed plaintiff was intoxicated and did not know what he was doing on the night of the alleged assault, and that "his story did not carry conviction."

The law applicable to the case is simple. The only question is whether plaintiff or defendant told the truth. Three juries believed the plaintiff. Two different trial justices were not convinced by his version of the assault. The justice who first heard the case evidently did believe plaintiff and granted a new trial solely on the ground of defendant's infancy. There is evidence to prove certain facts. Plaintiff for several years had roomed in a small

hotel in Woonsocket. Defendant, a young man, twenty
years of age, acted as night clerk therein for his grandfather,
the proprietor. Plaintiff owed for his board for one or more
weeks. On a Saturday night, about eleven o'clock, he
went to the hotel. Plaintiff says he went up one flight of
stairs and met defendant; after a few words, defendant
struck plaintiff, knocked him down the stairs and then
came down to the hall and threw him into the street. De-
fendant denies striking plaintiff and claims that plaintiff
was drunk and received his injuries from some other person
at some other place. About 1 a. m. defendant notified the
police station that plaintiff was lying in the street near the
hotel. The police then came and took plaintiff to the station.
There he was listed on the police books as "drunk." The
policeman who took plaintiff to the station testified that
he was dazed but was not drunk. This officer, who was a
witness at the last trial, has since died. Several other
witnesses for plaintiff have either died or left the state since
the first trial. Defendant denies going through plaintiff's
pockets at the hotel in search for plaintiff's room key; but
one of defendant's witnesses testified that he did do this.
Defendant's testimony to some extent is thus discredited.
The trial justice, after a verdict, in weighing the evidence
must exercise his independent judgment. In reaching his
decision the entire record of the case properly may be con-
sidered, but it is for this court to decide when the time has
come to apply the rule applicable to successive verdicts.
*Joslin* v. *Rhodes*, 48 R. I. 123; *Spiegel* v. *Grande*, 45 R. I.
437; *Carr* v. *American Locomotive Co.*, 31 R. I. 234. The
question in the case at bar is one of the truth of oral testi-
mony. In deciding such a question neither court nor jury
can claim to be inerrant. The requirement that the trial
court shall exercise its independent judgment on the fairness
of a verdict reduces the chance of a miscarriage of justice.
The purpose of this practice is not to substitute the decision
of the trial judge for the verdict of the jury but to secure
further and more painstaking consideration of the case by

another jury. Litigation should end sometime and it is for this court to decide when it should end. But the final decision of disputed facts where the evidence is conflicting still inheres in the jury. Only where there is no evidence to support a verdict can this court order judgment to be entered for the party prosecuting the exceptions. (G. L. 1923, C. 348, s. 22.) In the case at bar to compel plaintiff to try his case again, we think would impose an unfair burden on him. Upon consideration of the record of the case, and in view of the successive verdicts, we are of the opinion that the time has now come for this litigation to end.

Plaintiff's exception to the decision of the trial court granting defendant's motion for a new trial is sustained. The case is remitted to the Superior Court with direction to enter jugment on the verdict.

*John R. Higgins,* for plaintiff.
*Greene, Kennedy & Greene,* for defendant.