JAMES H. WHITWORTH *vs.* UNITED ELECTRIC RAILWAYS COMPANY.

JUNE 8, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) New Trial. Successive Verdicts.*

The rule applicable to successive verdicts is not established by statute but is the voluntary limitation by the court of the exercise of its supervisory power over litigation. The time when the rule shall prevail is to be determined by the supreme court. While in practice it has not been applied until after a third verdict there is no invariable number of verdicts nec-

essary to bring the rule into operation and where in instant case plaintiff's right of recovery is very doubtful, the court will not invoke the rule after two verdicts in plaintiff's favor which have been set aside by the trial court.

TRESPASS ON THE CASE.   Heard on exception of plaintiff and overruled.

STEARNS, J.   The action is trespass on the case for negligence to recover for personal injuries received by plaintiff in alighting from a trolley car.   There have been two trials of this action: the first in 1922 resulted in a verdict for plaintiff for $750, the second in 1926, in a verdict for $2,750.   In each case the trial justice, on motion of defendant, granted a new trial.   The case is here on plaintiff's bill of exceptions.

The only exception is to the action of the trial justice in granting a new trial after the second verdict of the jury.

On September 9, 1921, about eight a. m., plaintiff became a passenger on one of defendant's open trolley cars.   The car later was stopped, on plaintiff's signal, near the junction of Cranston and Westminster streets in Providence, where plaintiff was accustomed to transfer each day to another car in order to reach his place of business on Broad street. The street in the vicinity of this junction for some six or seven weeks had been torn up in different places as the City was repaving it.   This was known to plaintiff.   When the car came to a stop, some other passengers left the car.   The plaintiff, who was sitting in the rear, stepped down onto the running board of the car with one foot and, as he attempted to step with his other foot onto a rail on the track beside the car, he slipped and his foot was caught in a switch or frog of the street car track, with the result that a small bone in his right foot was fractured.

Plaintiff was the only witness to the accident.   Defendant's motorman and conductor claimed they knew nothing of it until notified several days later.   Although the testimony was conflicting in regard to the existence of any excavation at the place where plaintiff alighted, there is sufficient evidence to sustain plaintiff's claim that de-

fendant was negligent in stopping its car at a place dangerous for passengers to alight.

Each of the trial justices in considering the evidence came to the conclusion that plaintiff was aware of the situation and took a chance in alighting as he did, and consequently was guilty of contributory negligence. The evidence in support of this conclusion is strong. The day was clear and plaintiff knew the condition of the street in that vicinity. When he alighted there was nothing to distract his attention or to cause him to hurry. If there was an excavation there, as he claims, he must have seen it if he looked. There is some slight evidence that the running board may have partially obscured his vision and the trial justice refers to this as supplying some support to plaintiff's claim that he was not negligent. Plaintiff claims that he did not fully see the situation of the road-bed until after the accident happened, when he first noticed it.

Plaintiff's claim is that, having secured two successive verdicts, the second verdict should now be allowed to stand; that the question of his negligence is a simple question of fact easily understood by a jury; that defendant will not gain by another trial as the result will probably be the same as in the former trials and further delay in this litigation will be unfair to him. These considerations are not without weight but in the case at bar are not decisive. When our constitution was adopted in 1843, the law secured to litigants the opportunity for at least two jury trials in civil actions. The privilege of two jury trials as a matter of course was continued until 1878 when this provision of the law was repealed. *Mathews* v. *Tripp*, 12 R. I. 256. Under our present practice, the decision of questions of fact by a jury is not exclusive as the trial justice on motion for new trial is required to exercise his independent judgment on such questions.

(1) The rule applicable to successive verdicts in this State is not established by statute but is the voluntary limitation by this court of the exercise of its supervisory power over

litigation. The time when the rule shall prevail is to be determined by this court. In practice it has not heretofore been applied until after a third verdict and so far as we are informed the rule has never been applied after two verdicts only. *Carr* v. *American Locomotive Co.*, 31 R. I. 234; *McNeil* v. *Lyons*, 22 R. I. 7; *Bevan* v. *Comstock*, 48 R. I. 285. But there is no invariable number of verdicts necessary to bring the rule into operation. The present case certainly does not call for any extension of the rule, as the plaintiff's right of recovery is very doubtful and the evidence to sustain the verdict is meager.

Plaintiff's exception is overruled. The case is remitted to the Superior Court for new trial.

*Cooney & Cooney*, for plaintiff.

*Clifford Whipple, Earl A. Sweeney*, for defendant.