SIDNEY SOUZA *vs.* UNITED ELECTRIC RAILWAYS CO.

DECEMBER 11, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

STEARNS, J. This is an action for negligence to recover for personal injuries resulting from a collision between a trolley car of defendant and a two-horse coal wagon of which plaintiff was the driver. The case is here on a bill of exceptions, the principal exception being to the direction of a verdict for defendant.

The collision occurred at the corner of Warren avenue and Abby street in East Providence in the evening after dark on October 29, 1924. Warren avenue is a wide highway which at this point runs east and west. The traveled way for vehicles is between two trolley tracks, one of which for Providence bound traffic to the west is on the north side;

the other for Riverside bound traffic to the east, is on the south side of the street. Abby street is a rough, ungraded street running from Warren avenue to the north at right angles. After delivering a load of coal on Abby street, plaintiff started about 6 p. m. down Abby street intending to turn to the right at Warren avenue and proceed westward to Providence.

Plaintiff's evidence in substance is that the coal wagon had a lighted lantern on its left side; on approaching Warren avenue he stopped some 15 or 20 feet north of the railway track and looked to the left toward Moore's Corners. Seeing no trolley car he started up again and as his horses reached the first rail he again looked and did not see any car. There was a gulley at the side of the track; inside the track the dirt had been washed out between the rails by rains and the ties were exposed. As he was driving across the farther and southerly rail one of the horses slipped and fell on his knee. Plaintiff pulled this horse up and one of the rear wheels caught on the rail as he attempted to leave the track and go on the traveled part of the highway. As a rear wheel was about to leave the rail the wagon was struck violently in the rear and plaintiff and his helper were thrown from the seat to the ground. When the car was stopped both horses and the two men were found under the front part of the car. One horse had been killed and it was necessary to use jacks to release the men and the horses. The motorman, the only witness for the defendant with respect to the accident, testified that, after changing direction at Moore's Corners, about 1,000 feet distant, and coming onto the Warren avenue line of track, he stopped for a passenger about 800 feet distant to the east from Abby street; that he then proceeded to the west toward Providence, on the north track, at a rate of 20 to 25 miles an hour, possibly faster; that when he reached Abby street he saw the heads of the horses about on the track and that he did everything possible then to stop his car; he thinks the car either struck the horses or the side of the wagon; the car had a headlight but there is no evidence of its size or the amount of light given by it.

There is evidence from which a jury might find that the motorman was guilty of negligence. The trial justice apparently based his action on contributory negligence of the plaintiff. It was error to direct the verdict. The rule is now well settled that if there is any real evidence to support plaintiff's case it must be submitted to the jury at the conclusion of the evidence and that at that stage of the proceedings the trial justice can not pass upon the credibility of the witnesses or on the weight of the evidence. These questions are for his consideration later, on a motion for new trial after verdict. Plaintiff testified that when his horse slipped his wagon was in the track about a minute. If this estimate was at all exact the trolley car, if it was going 25 miles or more an hour, would have traveled the 800 feet to Abby street from the place where it stopped in much less time than one minute. The testimony of both parties in some particulars is difficult to reconcile with certain facts which appear to have been proved. As the evidence was conflicting and contradictory the case should have been submitted to the jury.

The evidence offered by plaintiff in rebuttal to prove whether a front or rear wheel was smashed was improperly rejected. Plaintiff's evidence in chief was that his wagon was struck in the rear while he was on the track. Defendant's evidence was that the trolley car struck the horses or the front end of the wagon before it got entirely on the track. There were thus two contradictory versions of the collision and the question of defendant's liability might well be dependent on which was found to be correct. Defendant having introduced evidence of a new and relevant fact in defence, that it was not a rear end collision, plaintiff was then entitled to meet and discredit such evidence in rebuttal, and the denial of his right to do so was error. The rules of practice require that when the plaintiff has the burden of proof he must first give all of his evidence supporting the affirmative of the issue, but he is not bound to anticipate the defence. In rebuttal he is strictly entitled to give only such

evidence as tends to answer new matter introduced by defendant. Thompson on Trial, Vol. 1, Secs. 343, 345. The rule regulating the order of proof is a rule of practice intended to promote the orderly and expeditious trial of cases and to prevent surprise of an adversary. The application of this rule is in general left to the judicial discretion of the trial court. 4 Wigmore on Evidence, sec. 1867. The aim of the court in regulating the course of proof in each case should be to promote justice. Plaintiff by improperly withholding evidence should not be permitted thereby to gain an unfair advantage over his adversary. On the other hand, material evidence should not be rejected simply because it is offered out of the regular order, when plaintiff is not guilty of trickery and his adversary is not in fact prejudiced.

This principle has often been applied. In *Hampson* v. *Taylor*, 15 R. I. 83 (1885), after both parties had rested their case and after a motion to direct a verdict, plaintiff was allowed to present new evidence as to matters overlooked by him. It was held to be properly within the discretion of the trial court to open the case for further testimony.

In *Greene* v. *R. I. Co.*, 38 R. I. 17, it was held that the trial court in the exercise of a reasonable discretion could properly permit a case to be reopened after both parties had rested, defendant had completed his argument and plaintiff had met a portion of his argument, for the purpose of permitting plaintiff to offer the testimony of a witness who had been under summons by defendant but was not called, where plaintiff had no knowledge of the existence of such evidence until that time.

In *State* v. *Falcone*, 41 R. I. 399, it was held to be within the discretion of a trial justice to admit competent evidence in any stage of the trial both in civil and criminal causes.

In *Tucker* v. *R. I. Co.*, 69 Atl. Rep. 850 (1908), it was held that exceptions to the introduction of certain evidence in chief which more properly should have been reserved for the rebuttal were without merit; that the order of introduction of evidence was in the discretion of the court.

The question in the case at bar is not one with respect to the exercise of judicial discretion. Plaintiff had a legal right to present the evidence in rebuttal. The denial of this right was error and the exception thereto is sustained.

The exception to the direction of a verdict is sustained. Case remitted to the Superior Court for a new trial.

*Francis E. Sullivan,* for plaintiff.

*Herbert M. Sherwood, Clifford Whipple* for defendant.