SIDNEY SOUZA *vs.* UNITED ELECTRIC RAILWAYS CO.

DECEMBER 20, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is an action on the case for negligence brought by the plaintiff against the United Electric Railways Company for injuries received when a team which he was driving was struck by an electric car operated by the defendant. The accident occurred in the late afternoon of October 29, 1924, at the corner of Warren avenue and Abby street in East Providence. After a jury trial and a verdict for plaintiff, defendant's motion for a new trial was denied and the case is here on defendant's bill of exceptions.

The specific questions raised by the exceptions, as stated by defendant, are as follows: Did the trial justice err (1) in denying defendant's motion for a direction of a verdict; (2) in refusing to charge the jury in accordance with the defendant's special requests and (3) in denying defendant's motion for a new trial on the ground that the verdict of the jury was contrary to the evidence and the weight thereof and contrary to the law?

This case has been tried five times. The first trial resulted in a verdict for the plaintiff in the sum of $1,000. Plaintiff's motion for a new trial on the question of damages only was denied and defendant's motion for a new trial on all the issues was granted. At the second trial a verdict for defendant was directed. Plaintiff's exception to this action was sustained by this court. (49 R. I. 430.) The third trial resulted in a verdict for the plaintiff in the sum of $15,000. The defendant's motion for a new trial was denied by the trial justice and, on exceptions taken by the defendant, the verdict was set aside by this court because of errors committed during the course of the trial. The fourth trial resulted in a verdict for the plaintiff in the sum

of $17,500 and the defendant's motion for a new trial was denied by the trial justice. Upon defendant's exceptions in this court, the exception to the refusal to direct a verdict for defendant was overruled. By a divided court the case was sent back to the Superior Court for a new trial. (52 R. I. 412.) As thus appears the refusal of the trial justice in the latest trial to direct a verdict was in accord with the previous decisions of this court.

Defendant admits that the charge to the jury was clear and fair. But it contends that in this particular case it was not necessary for the jury to be instructed on the general principles of the law of negligence.

Defendant's first request to charge on which it mainly relies was as follows: "If the jury find that the accident occurred substantially as testified to by the operator or motorman of the defendant's electric car the plaintiff is not entitled to recover, and the jury must return a verdict for the defendant." This request entirely disregards the duty of the jury to consider the evidence of other witnesses and particularly the proper inferences to be drawn from the physical facts which have always been considered of much evidential value in this case. There was no error in the refusal to charge the jury as requested.

Is the verdict against the weight of the evidence? In *Carr* v. *American Locomotive Co.*, 31 R. I. 235, this court stated and applied the rule that in cases where the evidence is conflicting and a judgment can not be directed and successive juries have returned a verdict for the same party, there comes a time when the appellate court will no longer oppose their judgment upon the facts to that of the jury but will bring long-continued litigation to a close. It was decided also that the rule as to concurring verdicts is superior in authority to the rule established in *Wilcox* v. *R. I. Co.*, 29 R. I. 292. See also *Bevan* v. *Comstock*, 48 R. I. 285; *Whitworth* v. *United Electric Rys. Co.*, 48 R. I. 301.

Four juries have found the defendant guilty and the plaintiff not guilty of negligence. Three trial justices have

54

approved these verdicts. The record of this lengthy litigation shows that there is a basis for a reasonable difference of opinion on questions of fact. The time has now come to end this litigation and to give effect to the rule of concurring verdicts.

All defendant's exceptions are overruled and the case is remitted to the Superior Court for entry of judgment on the verdict.

RATHBUN and MURDOCK, JJ., dissent for the reasons set forth in the opinion of *Souza* v. *United Electric Railways Co.*, 52 R. I. at pages 415-417 inclusive.

*Francis E. Sullivan,* for plaintiff.
*Clifford Whipple, Earl A. Sweeney,* for defendant.

