## No. 20,610.

### HENRY C. GLISAN *v.* ROBERT J. KURTH, ET AL.

(384 P. [2d] 946)

Decided September 3, 1963.

Messrs. IRELAND, STAPLETON, PRYOR & HOLMES, Mr.

ROBERT C. HAWLEY, Mr. WILLIAM C. JENSEN, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

MR. JUSTICE PRINGLE. delivered the opinion of the Court.

ROBERT and Margaret Kurth, hereinafter referred to as the Kurths, brought suit against Glisan, hereinafter referred to as appellant or by name, to recover damages incurred by them by reason of the cracking of a residence dwelling they had purchased from Glisan. They alleged that Glisan, who was the builder as well as the seller of the residence located in Holly Hills, Arapahoe County, Colorado, was liable to them by reason of:

1. Breach of implied warranty that the improvements were constructed in a good and workmanlike manner and that the said improvements were constructed on good and ordinary soil; or

2. That Glison was negligent in the construction of the improvements; or

3. That Glisan had fraudulently concealed that the soil upon which the improvements were built would heave and shift and was not an ordinary or normal type of soil and that Glisan had knowledge of this soil condition; or

4. That Glisan fraudulently concealed from them that he had not utilized special engineering techniques necessary to prevent cracking of buildings built on soil of that type which they alleged was present and that Glisan knew that such special engineering techniques were needed.

Glisan filed a motion to dismiss the complaint for failure to join an indispensable party, which was denied. He thereupon moved for leave to make Moore Realty Co., a Colorado corporation, a third party defendant on

the ground that Moore might be liable to him for all or part of any damages which might be recovered against him by the Kurths. This motion was granted and a summons and third party complaint were served upon Moore.

The third party complaint alleged, so far as is material here, that Glisan had no contacts of any nature with the Kurths prior to their purchase of the property in question; that the entire transaction was negotiated by and through Moore to whom Glisan had granted an exclusive listing for 120 days; that if there were any acts of commission or omission resulting in fraudulent concealment, those acts were the acts of Moore, and were done without the knowledge and without the consent of Glisan; and that Moore would therefore be liable to Glisan for any damages assessed against the seller in favor of the Kurths.

To this complaint the third party defendant filed a motion to dismiss for failure to state a claim. The court granted the motion, but allowed Glisan sixty days in which to amend his complaint. The first amended third party complaint incorporated the allegations of the original third party complaint and further alleged that Moore had done business in the Holly Hills Subdivision since 1953 and that it had knowledge that the soil in certain locations of the subdivision would, under certain conditions, heave and shift, resulting in cracking of the improvements constructed thereon. Glisan also alleged that Moore was the agent of the Kurths, so that if the Kurths had in fact suffered damages because of fraudulent concealment the said damages were caused by Moore and that Moore would be liable over to Glisan for any recovery awarded to the Kurths.

Again Moore filed a motion to dismiss on the ground that the complaint failed to state a claim. Subsequent to arguments on the motion the trial court stated that in order to state a claim Glisan would have to amend his third party complaint to allege that Moore had knowledge of the soil condition of the particular property involved

in the lawsuit and that Moore concealed this knowledge from the Kurths. The court granted the appellant leave to amend his first amended third party complaint.

A pre-trial conference was held during which the court ordered Glisan to submit to all parties a list of witnesses and a "brief statement concerning the subject matter of their testimony" together with his second amended third party complaint. The second amended third party complaint contained the additional allegation that Moore had knowledge of the soil condition on the particular land in question and that it concealed this knowledge from the Kurths. Together with this second amended third party complaint, Glisan submitted a list of witnesses to counsel for Moore. This was prefaced with a paragraph wherein it was stated:

" * * * You also requested us to supply you with a list of witnesses who we might possibly call for the purpose of proving the knowledge of Moore Realty Co. concerning the property, Lot 9, Block 6, Holly Hills Subdivision * * * and the relationship between Moore Realty and the plaintiffs. The list is as follows: * * * "

The record discloses that the dismissal of the second amended third party complaint was based on the ground that Glisan had not complied with what the court conceived to be the scope of its pre-trial order. The following colloquy took place at the hearing on Moore's motion to dismiss:

"The Court: Mr. Hawley, why didn't you set forth in your letter to Mr. Garwood *the substance of the testimony of the witnesses,* as requested by the Court and as requested by Mr. Garwood and as ordered by the Court, concerning the knowledge of Moore Realty Co. upon which your whole case is predicated? Now, you didn't do that, did you?" (Emphasis supplied.)

\* \* \*

"The Court: But you haven't complied with the discovery rule. *This is the basis for dismissing this action, if the Court feels it should, because you haven't com-*

*plied with the ruling of the Court.* Now, can you summarize and give the substance of the testimony of these witnesses that you have stated here in your letter dated August 6th to Mr. Garwood? Can you give that information to Mr. Garwood within ten days from this date?" (Emphasis supplied.)

"Mr. Hawley: Well, I can give the information —

"The Court: No, you have stated that Moore Realty had knowledge of this. You were requested to furnish the names of witnesses and the substance of their testimony which you contend would prove that Moore Realty had knowledge of the facts upon which you claim they are responsible to you. Now, you haven't done that. I am going to give you ten days to do it and *if you don't do it within ten days I am going to dismiss the case and you are out of court in this case."* (Emphasis supplied.)

"Mr. Hawley: Does your honor mean we have to take depositions of each of these adverse witnesses?

"The Court: No, I have given you at least two opportunities to discover this material yourself to support your complaint, which the Court felt in the first place was insufficient, and in the second place was insufficient, and the Court feels at this time it is insufficient because *we feel it is a frivolous pleading not supported by any proof that you can offer to show that Moore is responsible to you for the damages arising from the plaintiffs' claim.* * * *" (Emphasis supplied.)

From the foregoing, it is abundantly clear that the only ground on which the court relied for dismissal was the failure of the appellant to detail the testimony he expected to produce in support of his third party complaint, and the apparent conviction of the court that Glisan's witnesses would not be able to substantiate the allegation that Moore knew the soil condition of the lot in question. Glisan is here by writ of error directed to the judgment of dismissal of the third party complaint. He raises the question as to whether it was proper for the trial court to dismiss his complaint be-

cause of his failure or inability to detail the testimony of the witnesses he expected to call in support of his allegation that Moore knew the condition of the soil of the particular lot in question.

Neither the Kurths nor Moore have made an appearance in this Court. Therefore, we confine our inquiry to the issue made by Glisan — that is, the propriety of the trial court's judgment dismissing the third party complaint for failure to specifically detail the testimony which defendant's counsel expected from witnesses in support of his allegation that Moore knew the condition of the soil.

■ We recognize that to make pre-trial procedure effective, appellate interference with the trial court in this area must be kept at a minimum. Effective use of the pre-trial can and does contribute much in meeting the problems of mounting congestion in the trial courts, but in the application of the pre-trial rule, we must be careful that devotion to the task does not lead us to deprive a litigant of his right to a trial. The primary purpose of a pre-trial conference is to define the issues in dispute between the parties; to eliminate unnecessary proof, and to lessen the opportunity for surprise and thus expedite the trial. *Meadow Gold Products v. Wright,* D.C. Cir., 1960, 278 F. (2d) 867.

■ Pre-trial conferences are not intended to serve as a substitute for the trial of cases, nor to be utilized as a method to by-pass the traditional manner of resolving factual issues. *Lynn v. Smith,* 3d Cir., 1960, 281 F. (2d) 501. While a court may certainly order parties to furnish opposing counsel with the names of witnesses to be called at the trial, and to make a general statement of the issues and subject matter to which this testimony will be directed, such authority does not permit the court to dismiss a case because the complaining party is unable to detail specifically the evidence such witnesses will give, especially where some of those witnesses are adverse.

■ Rule 16, R.C.P. Colo. is the authority under which trial courts in this state promulgate local pre-trial rules and hold pre-trial conferences. That rule confers no power upon the trial court to dismiss a case on the ground that a plaintiff is unable to detail the evidence which the witnesses he has named will give on the issue to which their testimony is directed, or that it appears he will be unable to substantiate his allegations at the trial. *Syracuse Broadcasting Corp. v. Newhouse,* 2d Cir., 1959, 271 F. (2d) 910. See the very instructive discussion in *Padovani v. Bruchhausen,* 2d Cir., 1961, 293 F. (2d) 546 as to the purpose and power of a trial court under the pre-trial rule. This opinion was authored by Judge Charles Clark who is universally recognized as one of the authors of the Federal Rules of Civil Procedure from which source Rule 16 of our Rules of Civil Procedure derives.

In accordance with the court's direction, Glisan furnished opposing counsel with a list of the witnesses he expected to call to prove Moore's knowledge of the soil conditions. At least two of these witnesses were principal officers of Moore and several of them were employees of Moore. The requirement by the court that Glisan furnish the details of their testimony was beyond the scope of any authority conferred by Rule 16. It may very well be that the court felt that Glisan could not prove his case, but he was entitled to try with the witnesses he had listed. If, upon trial, the court was then convinced that Glisan's counsel knew that the third party complaint was without substance and frivolous, it had ample power to deal with the situation.

The judgment is reversed and the cause remanded with directions to reinstate the third party complaint.