324 A.2d 667.

JANE MCGONAGLE, *p.a., et al. vs.* REYLE A. SOULIERE.

AUGUST 27, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a wrongful death action brought pursuant to G.L. 1956 (1969 Reenactment) §10-7-3.[1] The plaintiffs are the widow and four surviving children of Charles N. McGonagle, who died on May 3, 1969, in a motor vehicle accident on Mendon Road in Cumberland, Rhode Island, wherein the decedent was the operator of an automobile which was involved in a head-on collision with defendant-operator's Mack truck. Trial was held before a Superior Court justice and jury beginning on February 12, 1973. After four days of trial, the jury returned a verdict for the defendant. The plaintiffs thereupon seasonably filed an appeal from the judgment entered pursuant to the verdict, which appeal is before us now.

This accident occurred on Saturday, May 3, 1969, at approximately 1:37 a.m. The plaintiffs' decedent, Charles N. McGonagle, then 38 years old, was the operator of a 1968 Ford station wagon which was completely demolished in a head-on collision with a 1964 Mack truck owned and driven by defendant, Reyle A. Souliere. At the time of the accident, the decedent was alone driving in a southerly direction on Mendon Road in Cumberland. The defendant, also alone, was driving in a northerly direction

---

[1] General Laws 1956 (1969 Reenactment) §10-7-3 reads as follows:

"10-7-3. Action by beneficiaries.—If there is no executor or administrator, or if, there being one, no action is brought in his name within six (6) months after the death, one action may be brought in the names of all the beneficiaries, either by all, or by part stating that they sue for the benefit of all, and stating their respective relations to the deceased; provided, that if all do not bring suit, only those bringing it shall be responsible for costs; but judgment shall be for the benefit of all and shall be entered as several judgments for each in his proportion as aforesaid, and executions thereon shall issue in favor of each respectively: provided, further, that if action be brought by the beneficiaries, no action shall thereafter be brought by the executor or administrator. There shall be but one bill of costs in favor of the plaintiffs, which shall enure equally for the benefit of those bringing the suit, and of them only."

on Mendon Road in Cumberland. The decedent was conveyed to the Woonsocket Hospital where he was pronounced dead on arrival at 2:15 a.m. that morning.

Peter DiLiullo, Jr. testified that he was one of two passengers in a car being driven by a Richard Harnois in a southerly direction on Mendon Road sometime after midnight on May 3, 1969. DiLiullo testified that he observed a vehicle behind the vehicle in which he was riding. Eventually, this vehicle passed the car in which he was riding, approximately one-half to three-quarters of a mile north of the accident scene. He observed it to be a Ford station wagon. Shortly thereafter, he and his companions came upon the scene of the accident. They were the first to arrive. Harnois pulled his vehicle close to the rear of the Ford station wagon, and left his headlights shining on the wreckage as the others attempted to remove the injured operator.

It is clear that the points of contact were the left front fenders and bumpers of the vehicles. However, there was a sharp conflict as to the point of impact on the highway. The defendant contended he was on his own side of the road and produced a photograph showing the decedent's station wagon clearly over the highway center line and a police diagram showing the point of impact on the easterly, or defendant's, side of the road.

The plaintiffs attempted to rebut the demonstrative evidence of the photo and diagram with an offer of proof that the decedent was on his own side of the road at the instant of the impact, that the two vehicles became entangled as a result of the impact, and that defendant, in complying with an order of the police, dragged the decedent's station wagon over the center line of the highway as they attempted to free the decedent, whose legs were pinned between the dashboard and front seat of his vehicle. In support of this proposition, plaintiffs offered

the testimony of Thomas J. Dwyer, a passenger along with DiLiullo in the Harnois vehicle and an eyewitness to the dragging incident. The defendant objected because Dwyer was not listed by plaintiffs in their reply to one of defendant's interrogatories which requested the following information:

> "Set forth the name and address of each person believed or known by you, or anyone acting on your behalf, to have been a witness or to have any knowledge concerning the accident."

The plaintiffs answered:

> "I know of no eye-witnesses to the accident. The police report listed a Richard Harnois, 576 Grand Avenue, Pawt."

In accordance with a motion for a more responsive answer, plaintiffs amended their answer and stated:

> "I know of no eye-witnesses: the police report lists a Richard Harnois, 576 Grand Ave., Pawt., R. I. Neither myself, my attorneys, or any representative knows of any other person who was a witness or who has any knowledge of the accident."

In the absence of the jury, the trial justice asked plaintiffs the purpose of calling the witness. They responded that he would testify "as to the position of the car, as to the cars being moved at the scene." The trial justice sustained the objection on the grounds that the answer to the interrogatory

> "* * * clearly is an evasion and insufficient answer * * *. These rules mean what they say. Discovery is discovery and with that, unless you have got something else you can offer through this witness — If it's to testify in more detail about the subject matter that you related, the rules foreclose you on this."

The plaintiffs replied:

> "With that ruling, I feel that I must move to pass the case at this time so that I can amend my answers to include the witness because I feel he is a definite material witness."

The defendant objected to passing the case:

"I object very strongly to passing the case, Your Honor. We have come quite a long way in this matter. Mr. Souliere works for himself. The delay will be costly to him. I object very strongly."

The court stated:

"The defendant may have lost something by the cross-examination of Officer Meehan, for example, might on a second go around come out altogether different. As I say, we have all had these rules. We have lived with them for seven years plus, and discovery is discovery, and you haven't given me any reason why I should pass the case at this stage."

The plaintiffs replied:

"Let me say this, Your Honor, I did know prior to last night — I had reason to believe that a Thomas Dwyer was in the car. Now, until last night I wasn't able to make any contact with this young man, and last night, or yesterday sometime an individual called and left a number where he could be reached. He has moved several times."

The court stated:

"Well, it's the very thing that the rules are designed to prevent, is surprise at the trial. What you're telling me now is the reason why there is surprise at this trial, and not sufficient as I view it, Mr. McBurney."

After defendant had rested, plaintiffs attempted to call Dwyer for rebuttal purposes. However, the trial justice refused to allow it, stating that he had already ruled that Dwyer could not testify because plaintiffs had not complied with the rules of practice.

The plaintiffs argue that the trial justice abused his discretion in ruling that Dwyer could not testify because he was not listed as a witness in their reply to defendant's interrogatory, then by refusing to pass the case to permit them to amend their answer by adding Dwyer's name.

In assessing the trial justice's action, we will quote the

words of the Colorado Supreme Court in *Glisan* v. *Kurth,* 153 Colo. 102, 384 P.2d 946 (1963):

> "We recognize that to make pre-trial procedure effective, appellate interference with the trial court in this area must be kept at minimum. Effective use of the pre-trial can and does contribute much in meeting the problems of mounting congestion in the trial courts, but in the application of the pre-trial rule, we must be careful that devotion to the task does not lead us to deprive a litigant of his right to a trial."

Forbidding a party to call a witness is a drastic sanction in a trial whose goal is the ascertainment of truth. *Fredrickson* v. *Louisville Ladder Co.,* 52 Wis.2d 776, 191 N.W. 2d 193 (1971). Unquestionably, in some instances in effectuating the purposes of pretrial discovery, it is a proper exercise of discretion for a trial justice to exclude the testimony of a potential witness whose identity has not been disclosed to the adversary party. *See Annot.* 27 A.L.R.2d 737 (1953). Here, we shall assume that the trial justice was correct in refusing to permit Dwyer to appear as a witness while plaintiffs were presenting their case in chief — but we stop there.

During the trial, defendant appeared twice as a witness. On February 13, 1973, during plaintiffs' presentation of their evidence, he was called to the stand as an adverse witness. Prior to defendant's initial appearance, a police officer who made an on-the-spot investigation of the collision described the two vehicles as being "mashed together." The officer spoke of their subsequent unlocking. When defendant first testified, he said that immediately after the mishap, the station wagon was "right against my truck." He also insisted that, when he backed up the truck to disengage the vehicles, he did not move the wagon. The defendant estimated that he had backed the truck some two or three feet and then a tow truck moved in to transport the wagon away from the scene.

However, the next day, on February 14, 1973, when he testified as a witness in his own behalf, he said that it was his son who attempted to move the truck. He then told the court and jury that the vehicles never touched each other. He said he discovered this fact the previous evening after talking to his son.

At the conclusion of the defense testimony, plaintiffs returned Dwyer to the stand to rebut defendant's testimony as to the location of the vehicles immediately after the collision. The trial justice said rebuttal or not, he had made his ruling and Dwyer was ineligible to testify. We cannot agree.

Many years ago, long before the advent of the new rules of civil procedure, this court ruled that when a defendant introduces evidence of a new and relevant part in his defense, the plaintiff is entitled to meet and discredit such evidence in rebuttal and the denial of this right to do so was error. *Souza* v. *United Electric Ry.*, 49 R. I. 430, 143 A. 780 (1928). The post-collision position of both vehicles was a crucial issue in the case at bar. Once defendant had testified in a contrary manner as to the separation or lack of separation of the wagon and the truck, he no longer could enjoy the advantage of the earlier imposed sanction. When defendant insisted that the vehicles were not in contact with each other, the trial justice had reached the point where the rule in *Souza* and the interest of truth required that Dwyer's testimony as to the post-collision relative positions of the vehicles should have been received into evidence. The trial justice's exclusion of his testimony in the circumstances to which we have referred was an abuse of discretion which requires a reversal.

The plaintiffs' appeal is sustained, the judgment entered below is reversed, and the case is remanded to the Superior Court for further proceedings.

*John F. McBurney,* for plaintiffs.

*Gunning, LaFazia, Gnys & Selya, Inc., Raymond A. La-Fazia, John G. Hines,* for defendant.