Milton HODOSH et al.

v.

**FORD MOTOR COMPANY et al.**

**No. 81–414–Appeal.**

Supreme Court of Rhode Island.

June 15, 1984.

Thomas C. Angelone, Hodosh, Spinella & Angelone, Providence, for plaintiffs.

Paul V. Reynolds, Boyer, Reynolds & DeMarco, Providence, for defendants.

## OPINION

BEVILACQUA, Chief Justice.

This is a civil action for negligence brought by the plaintiff, Milton Hodosh, hereinafter referred to as plaintiff, against the defendants Ford Motor Company and Tasca Enterprises, Inc., hereinafter referred to as defendant, for damages sustained when the tie rod of the automobile that the plaintiff was driving allegedly broke, causing the plaintiff's vehicle to leave the roadway and travel down an embankment. The case was tried before a justice of the Superior Court, sitting with a jury. The jury returned a verdict for the defendant, and judgment was entered. The plaintiff's motion for a new trial was denied. The plaintiff appeals.

The record discloses that on October 17, 1974, plaintiff was driving his 1973 Lincoln automobile in a southerly direction on Interstate Route 95, near Southboro, Massachusetts. The plaintiff alleges that while operating his vehicle, he found he suddenly had no control over the steering mechanism. As a result, his vehicle went off the road and down an embankment, causing injury to plaintiff and damage to his automobile. Following the accident, it was discovered that plaintiff's vehicle had a broken tie rod.[1] The plaintiff subsequently

---

1. A tie rod is the metal bar that connects a vehicle's steering assembly to its front wheels. The plaintiff testified that approximately one month before the accident, while driving the automobile, he noticed that the steering wheel was sticking. The plaintiff thereafter brought the car to defendant Tasca Lincoln-Mercury for servicing. However, the problem with the steering persisted even after servicing.

initiated an action in Superior Court against defendants. The plaintiff alleged that defendant Ford Motor Company was negligent in its design of the tie rod installed in plaintiff's Lincoln. The plaintiff further alleged that defendant Tasca was negligent in failing to repair and replace the defective tie rod.

At trial, plaintiff's expert testified that the left tie rod in plaintiff's vehicle had been defectively designed, causing it to bend and shortening its overall length by one-and-a-half inches. He testified that the fatigue of the bend caused the tie rod to break. However, defendant's expert testified that the break in the tie rod was not due to a defect in design. Rather, he maintained that the break occurred when plaintiff's vehicle left the road and was severely impacted.

The trial justice allowed defendant's expert to show the jury a Lincoln automobile that had a bent tie rod. The trial justice also permitted the jury to view a film prepared by defendant which showed a Lincoln automobile, purported to have a disconnected tie rod, being driven at a Ford test site.

On appeal, plaintiff challenges several evidentiary rulings by the trial justice: (1) whether the trial justice erred in allowing the jury to view the Lincoln automobile with a bent tie rod without first laying a proper foundation; (2) whether the trial justice erred in allowing into evidence the film of the Lincoln automobile being driven; and (3) whether the trial justice erred in precluding plaintiff, on rebuttal, from presenting any evidence concerning the hardness specifications of the tie rod on plaintiff's automobile.

I

The plaintiff argues that he was prejudiced by the showing of the automobile outside of the courthouse because he did not have sufficient opportunity to examine the vehicle prior to its being viewed. He contends further that a proper foundation was not laid showing that the vehicle on exhibit was identical to the vehicle belonging to plaintiff involved in the accident.

■ It is well settled that the conduct of a trial in the Superior Court is a matter within the sound discretion of the trial justice. *Barnes v. Quality Beef Co.*, R.I., 425 A.2d 531, 534 (1981); *Pucci v. Algiere*, 106 R.I. 411, 428, 261 A.2d 1, 11 (1970). On review, the trial justice will not be overturned absent an abuse of discretion. *Matracia v. Matracia*, 119 R.I. 431, 438, 378 A.2d 1388, 1391 (1977); *Berberian v. Travisono*, 114 R.I. 269, 273–74, 332 A.2d 121, 124 (1975).

■ A review of the record shows that the trial justice permitted plaintiff's expert a brief opportunity to examine the demonstration vehicle before the showing took place. Following the showing, however, plaintiff's expert was permitted to examine the vehicle more thoroughly. He drove the vehicle a distance of fourteen miles as part of his own demonstration. Moreover, plaintiff's expert then testified at length on the findings of his examination and test drive. Specifically, plaintiff's expert testified that the tie rod installed in defendant's demonstration automobile was longer than the tie rod removed from plaintiff's automobile. After plaintiff's expert testified, the jury was in a position to evaluate the conflicting opinions of the two experts.

Accordingly, we conclude that the trial justice did not abuse his discretion in allowing the jury to view defendant's showing of the automobile.

II

■ Next, we must consider whether the trial justice erred in admitting into evidence the film prepared by defendant's expert showing a Lincoln automobile being driven with a disconnected tie rod.

The film depicted the automobile making wide-angle turns at speeds of up to fifty miles per hour without any difficulty whatsoever and was shown to contradict plaintiff's contention that once the tie rod broke his Lincoln veered out of control and rolled

down the embankment. The plaintiff contends that the film did not exactly simulate the events as they occurred on October 17, 1974, the day of the accident.

In *Owens v. Hagenbeck-Wallace Shows Co.*, 58 R.I. 162, 165, 192 A. 158, 161 (1937) we stated that

"[i]f for any reason it should ever become necessary and proper for a jury to view a moving picture during the course of a trial, it should be made to appear clearly to the trial justice that the picture was a true reproduction of the scene photographed and was properly authenticated according to the rules of evidence."

The film was designed by defendant to rebut the testimony of plaintiff's expert that the tie rod in plaintiff's automobile broke while plaintiff was traveling along a straight, flat stretch of highway. The defendant's expert testified that the film was a fair and accurate representation of the test performed by him and was in fact the filming of the actual test. Moreover, plaintiff failed to present any evidence suggesting that the film was not a fair and accurate portrayal of the test as it was performed. We have no reason to believe that the jurors were misled by the film, but rather find that it was in all likelihood helpful to them in determining which expert's opinion they should believe. The trial justice did not abuse his discretion in allowing the film into evidence.

### III

Finally, we must consider whether it was error for the trial justice to refuse to allow plaintiff, on rebuttal, to present any evidence through his expert on the hardness specifications of the tie rod in plaintiff's vehicle.

■ It is clear that a plaintiff may present evidence in rebuttal to new evidence offered by a defendant in the way of a defense. *McGonagle v. Souliere*, 113 R.I. 683, 689, 324 A.2d 667, 670 (1974); *Souza v. United Electric Railways Co.*, 49 R.I. 430, 432–33, 143 A. 780, 782 (1928).

While a plaintiff is not bound to anticipate a defense, a plaintiff who has the burden of proof on an issue must present all evidence when presenting his case-in-chief. *Labree v. Major*, 111 R.I. 657, 675, 306 A.2d 808, 819 (1973). Whether to admit evidence on rebuttal is a matter within the sound discretion of the trial justice. *Id.; Michon v. Williams*, 97 R.I. 74, 82, 195 A.2d 751, 755 (1963); *State v. Falcone*, 41 R.I. 399, 402, 103 A. 961, 962 (1918).

■ The plaintiff's expert testified on direct examination that he did some hardness testing on the tie rod that was in the plaintiff's automobile and found nothing unusual about the hardness. Indeed, he concluded that the hardness was indicative of the microstructure that he observed. His failure to present any evidence questioning the hardness specifications of the tie rod was consistent with the plaintiff's answers to interrogatories wherein there was no claim made for improper or negligent manufacture of the tie rod. Accordingly, the defendant failed to offer any evidence on hardness specifications in defense to any claim made by the plaintiff. It was only after the defendant's expert testified on cross-examination that Ford had their own specifications for the hardness of tie rods that the plaintiff sought to present evidence on the hardness of the tie rod in his automobile. To permit the plaintiff to introduce a new theory of recovery at this stage in the case without filing a motion to continue the case so as to allow the defendant an opportunity to defend against any new allegations would be unfair. We therefore conclude that the trial justice did not abuse his discretion in not permitting the plaintiff, on rebuttal, to present any evidence on the hardness specifications of the tie rod in the plaintiff's vehicle.

The plaintiff's appeal is denied and dismissed, the judgment below is affirmed, and the papers of the case are remanded to the Superior Court.