JERRY R. O'CONNELL *vs.* E. C. KING & SON.

WASHINGTON—JANUARY 3, 1905.

PRESENT: Tillinghast, C. J., Douglas and Dubois, JJ.

(1)  *New Trial.  Withdrawing Pleadings.*

A new trial will not be granted because prior to the impaneling of the jury
defendant was permitted to withdraw a plea.
The trial court has large discretionary powers in matters of this kind, and
unless it clearly appears that the discretion was abused, the action will not
be reviewed.  *Hall* v. *Greene*, 24 R. I. 286, distinguished.

(2)  *Pleading.  Affidavit of Defence.*

Where a plaintiff permits a cause to proceed to trial without relying upon his
statutory right to demand an affidavit of defence, he will be deemed to
have waived his right, and no advantage can be taken thereof thereafter.

(3)  *Affidavit of Defence.  Default.*

*Semble*, where a case is defaulted for want of affidavit of defence the trial
court has the power to set aside the default and allow the affidavit to be
filed, under the rule in *Johnson* v. *Hoxsie*, 19 R. I. 703.

ASSUMPSIT.   Heard on petition of plaintiff for new trial, and
denied.

TILLINGHAST, C. J.   The first ground upon which the plain-
tiff petitions for a new trial is that the court erred in permitting
the defendants' plea of tender to be withdrawn just before
impaneling the jury in the case.

(1)    We think it was within the discretion of the trial court to
allow said plea to be withdrawn, and we fail to see that the
plaintiff's rights were prejudiced thereby.  See Ency. Pl. &
Pr. vol. 22, 1323, and cases cited in notes 3, 4, and 5.

The law seems to be well settled that "not only pleadings
properly so called, but also demurrers, motions, stipulations,
and statements of fact agreed upon by the parties, may under
proper circumstances be withdrawn."   Ency. Pl. & Pr. *supra*,
at p. 1322.   In short, the trial court has large discretionary
powers in matters of this sort, and unless it clearly appears
that this discretion has been abused the action will not be
reviewed.

Although the plea in question was withdrawn, the plaintiff doubtless had the right to prove the tender, or rather the offer to tender (as the plea does not show that there was a tender in fact, and hence, strictly speaking, it was not a plea of tender—see Gen. Laws R. I. cap. 239, §§ 7–8; 21 Ency. Pl. & Pr. p. 559; *Clough* v. *Clough*, 26 N. H. at p. 31; *Graham, Ad.* v. *Chandler*, 15 Ala. 344; *Guion* v. *Doherty*, 43 Miss. at p. 550), in evidence, as an admission of indebtedness by the defendants; but this he failed to do. Of course, if this testimony had been offered, the defendants would have had the right to explain the tender, or admission of indebtedness, which was all that the plea amounted to, and show, if they could, that it was made under a mistake of fact as to the amount due, which they now claim was the case.

Counsel for plaintiff relies on the rule laid down by this court in *Hall* v. *Greene*, 24 R. I. 286, viz., that it is too late to change the pleadings after a case has been opened to the jury. This is doubtless true as a general rule, but it is not applicable here, as the plaintiff's petition shows that the plea was withdrawn *before* the impaneling of the jury in this case.

The second ground upon which the petition for new trial is based is that the damages awarded the plaintiff by the jury are inadequate.

The testimony as to the wages which the plaintiff was to receive from the defendants for his services under the contract of hiring was conflicting, and it was for the jury to determine as to the issue of fact thus presented. There was no substantial difference between the parties as to the time that the plaintiff worked, nor was there any dispute as to the amount paid to him on account. But there was a dispute as to the agreed price for his services, he testifying that it was to be $2.70 a day at the outset, and $3.00 a day from March 1, 1900; while the defendant Edwin G. King testified that the price was to be $2.00 a day and instructions in the art of stone-carving, statue-cutting, and modelling. And there is evidence that such instructions were given to the plaintiff.

In view of this conflict of testimony it was for the jury to

decide what the agreement under which the services were rendered in fact was.

(2)     The third ground of the petition is that the verdict was against the law and the evidence and should have been for the plaintiff for the amount claimed by him.

The only argument which we feel called upon to consider in support of this contention is that relating to the failure of defendants to file an affidavit of defence in the case as required by statute.   See Gen. Laws R. I. cap. 239, § 14.

The plaintiff claims that such a failure is a conclusive admission, for the purposes of the suit, of the validity of his claim, and he cites *West* v. *Darcy*, 20 R. I. 311, in support thereof. That case clearly sustains the general proposition stated by plaintiff's counsel; but as he did not see fit to rely upon his statutory right at the trial, but allowed the case to proceed without objection on that account, and without asking for any ruling of the court relating thereto, he must be deemed to have waived his right under the statute, and it is now too late to claim any advantage thereunder.   *Pawtucket Steam and Gas Pipe Co.* v. *Briggs*, 21 R. I. 457.

Moreover, if the plaintiff had insisted on his right to have the case defaulted for want of an affidavit of defence, and this had been done, it would seem that, under the decision of this court in *Johnson* v. *Hoxsie*, 19 R. I. 703, the court would have had the power to set aside the default and allow the affidavit to be filed.

As to the fourth and fifth grounds set out in the plaintiff's petition for a new trial, viz., that the plaintiff did not have a full and fair trial, and that he did not have an opportunity of presenting the testimony of several of his witnesses on the matters in dispute, it is sufficient to reply, first, that no reason is shown why the plaintiff did not have a full and fair trial. And, of course, general allegations of this sort can not be regarded by the court in a petition for new trial.

Second, the specification to the effect that the plaintiff did not have the opportunity to put in certain testimony would doubtless be a good ground for new trial if it showed that the testimony was relevant and it appeared that such testimony

was excluded by the court. But neither of these things is shown. The testimony which plaintiff now suggests that he desired to offer at the trial was not pertinent to the issue, as it would have related to the value of his services only. And as it appeared that there was an express contract as to the price to be paid therefor, that contract controlled, and there could be no such thing as an implied contract to pay what the services were reasonably worth. *Dube* v. *Peck*, 22 R. I. 467. Moreover, no testimony was in fact offered by the plaintiff, and no ruling or suggestion of the court relating to the matter was excepted to by him, and hence he has no ground for complaint in this regard.

The petition for a new trial is denied, and the case remanded for judgment on the verdict.

*John W. Sweeney*, for plaintiff.
*Albert B. Crafts*, for defendant.