**241 A2d 827.**

Fred W. Kishfy *et al. vs.* Mary Kishfy, *Executrix.*

MAY 14, 1968.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J.   This case is before us on the plaintiffs' appeal[1] from a judgment entered on a jury verdict[2] in favor of the defendant which declared that a written instrument dated July 13, 1950, was the last will and testament of William Kishfy, who died on April 4, 1958.   The judgment approved the admitting to probate of said instrument by the probate court of the city of Pawtucket.

---

[1]This appeal was pending in the superior court on January 10, 1966, the effective date of the new rules of civil procedure of the superior court.

[2]March 23, 1967.

The plaintiffs have based their appeal on the following grounds: 1) That the trial justice erred in refusing to grant their motion for a new trial; 2) that the trial justice abused his discretion in refusing to grant their motion for a continuance; 3) that the trial justice abused his discretion by limiting the scope of their examination of various witnesses; 4) that certain actions, expressions, statements and evidentiary rulings by the trial justice constituted prejudicial error; 5) that the trial justice erred in refusing to grant certain requests for instructions to the jury.

The pertinent facts are as follows. The plaintiffs, hereinafter referred to as the contestants, are the testator's seven children by his first wife, Sadie Kishfy. The defendant, hereinafter referred to as the proponent, is the testator's wife[3] by a second marriage and the sole beneficiary under his will.

The contestants had based their appeal to the superior court on the ground that the testator's will was the product of undue influence exerted upon the testator by the proponent. In July 1948, the testator and Sadie had engaged in litigation concerning the ownership of certain bank accounts, bonds, jewelry and real estate. The matter was settled in December 1948, and thereafter, in January 1949, the testator and Sadie went to South America to visit a son living in Chile.

On May 8, 1949, Sadie died in Chile leaving a will dated July 2, 1948, wherein she left her husband a token amount of $1, and left all the rest, residue and remainder of her estate to her children. The Seventh paragraph of the will read as follows:

"Seventh: In the event that at my decease I should own property which has been placed in my name and in the name of another or others jointly, whether consisting of real estate, stocks and bonds, bank accounts or

---

[3]She is presently remarried.

other property, I hereby declare that the addition of the names other than my own to the instruments indicating joint ownership was for personal convenience only and that such other persons have no legal or equitable interest therein. I direct that all of said property become a part of the rest and residue of my estate and be distributed in accordance with the provisions of paragraph Fifth of·this my Last Will And Testament."

After his wife's death Mr. Kishfy engaged counsel to protect his interest and left for a trip to Syria. While there, he met, and on August 8, 1949 married defendant, a lady much younger than himself. In the meantime, by petition dated July 18, 1949, the first wife's will was presented to the probate court of the city of Pawtucket for probate and was admitted to probate by a decree entered on October 13, 1949. Mr. Kishfy returned to this country in September 1949, and through his counsel claimed an appeal to the superior court from the decree admitting his deceased wife's will to probate. His second wife, the proponent, came to this country in January 1950.

On July 13, 1950, while the contest between Mr. Kishfy and his children over his first wife's will was still pending, Mr. Kishfy executed the will which is the subject of this contest. After directing the payment of his debts and funeral expenses, he devised and bequeathed the residue of his estate to his second wife, Mary Kishfy, and he expressly stated that his failure to provide for his children, whom he named, was not occasioned by accident or mistake.

In October, 1950 the contest between Mr. Kishfy and his children over Sadie's will was settled. Mr. Kishfy continued to live with his second wife until his death in 1958.

Before considering contestants' grounds for appeal, we note that the contestants have stated in open court that they do not wish to press their objection to their denial of a motion for a new trial by the trial justice. Accordingly, we shall treat only contestants' four remaining contentions,

and, for purposes of convenience, shall do so in the order raised.

The contestants first contend that the denial of their motion to continue the case constituted an abuse of discretion by the trial justice. The case had originally been assigned for trial to March 17, 1967. On that day counsel for the law firm representing contestants appeared before a justice of the superior court and stated that the contestants did not wish to be represented by him. Accordingly he moved for a continuance in order to give the contestants time to engage other counsel. The motion was denied by the trial justice who ordered counsel to remain in the case. Thereafter, however, said motion was renewed by contestants' newly engaged counsel when the case was called for trial on March 20, 1967.

After listening to counsel's argument that he needed more than a weekend to prepare his case, the trial justice said:

> "I'm going to deny the motion to pass the case for a number of reasons. This case was first heard in the Probate Court of Pawtucket on July 7, 1958, which is quite a while ago. It is also my understanding there were some transcripts taken of that hearing, so that it would seem by this time both sides * * * pretty much know the contentions of the respective parties. * * *"

The trial justice also said:

> "* * * Now, in all fairness to the opponents, Mr. Friedman, if in the course of the trial you feel you need additional time, I will have no hesitation, that I will give you a continuance. I understand your situation; I sympathize with you. But I feel we should get started. If in the course of the trial you feel you need a continuance, in Good Faith, we will have it. The testator died in the early part of 1958, and I do think sooner or later, it has to be disposed of."

No further discussion of the evidence pertaining to this issue is necessary. The granting or denial of such a motion is within the discretion of the trial court and his action will

not be reversed unless there is a clear abuse of discretion. *D'Acchioli* v. *Cairo*, 87 R. I. 345, 349, 141 A.2d 269, 271. The burden of proving that the denial of a motion for a continuance will constitute prejudicial error is on the party moving for a continuance. *Williams* v. *Altruda*, 74 R. I. 47, 52, 58 A.2d 562, 565. It is our opinion that on the record before us contestants have not satisfied their burden of proving that the trial justice clearly abused his discretion in denying their motion for a continuance.[4] We therefore hold that the trial justice did not abuse his discretion in denying such motion.

We come now to contestants' claim that the trial justice limited the scope of their examination of the various witnesses to events mainly occurring between January 1950 and July 1950, but allowed the proponent to introduce evidence of events occurring both before and after those dates. By so doing, contestants argue that the trial justice arbitrarily excluded evidence bearing directly and indirectly upon the question of whether undue influence was exerted by the proponent upon the testator at the time he executed his will. The contestants claim that the trial justice prevented the jury from getting the proper picture of the testator's relationship to his children and their participation in the creation of all the joint properties involved in this contest; that much of the evidence excluded by the trial justice was relevant and material to the issue of undue influence in that such evidence tended to establish the unnatural disposition which the testator made by his will; and that in the circumstances his rulings constituted an arbitrary abuse of discretion amounting to prejudicial error. As undue influence can seldom be proved by direct testimony, the trial justice is imbued with a wide latitude of

---

[4] It should be noted that at no time during the trial of this case did contestants ask for a continuance despite the promise of the trial justice to grant one should they believe it to be necessary.

discretion in determining what indirect evidence is admissible on the question of undue influence. As the court said in *Moran* v. *Moran*, 52 R. I. 291, 294, 160 A. 619, 620:

"* * * That the trial may not be unduly prolonged by the introduction of testimony of slight evidential value or the issue confused by matters having little or no direct bearing thereon, a limit may properly be placed on the admission of testimony such as was offered by the appellants. The facts and circumstances of each case differ so widely that no general rule is possible. Therefore, the limit that will be placed on the admission of testimony of this character must rest largely in the discretion of the trial justice, subject to review in the case of abuse as in other discretionary matters."

In their brief the contestants cite instances where they were allegedly limited in the scope of their examination to the period between January, 1950 and July, 1950, while proponent was allowed to introduce evidence pertaining to matters which took place outside this period. We have considered the questioned rulings in the light of the real issue before the jury, namely, whether undue influence had been exerted by the proponent upon the testator when he executed his will. Mary Kishfy came to this country in January, 1950 and the will was executed in July, 1950. Since contestants' counsel stated during the trial in the superior court that he proposed to show that Mary Kishfy exerted undue influence on Mr. Kishfy *after* he brought her to this country, we are not persuaded that any of the rulings complained of constituted an abuse of discretion by the trial justice.

The contestants next contend that certain actions, expressions, statements and evidentiary rulings by the trial justice constituted prejudicial error and therefore deprived them of a fair trial.

We find nothing in the statements or conduct of the trial justice which could have prejudiced the jury against the contestants or deprived them of a fair trial. Nor is there

any merit in contestants' argument that the trial justice showed partiality toward proponent's counsel in enforcing rule 46[5] of the rules of civil procedure of the superior court. After reading the portions of the transcript referred to by contestants, we are satisfied that the trial justice performed his duty with fairness and impartiality in presiding over the hearing before him.

The contestants have attached an appendix to their brief in which they have listed references to certain alleged prejudicial rulings by the trial justice. We have considered those rulings which contestants have briefed and argued and find no merit in their argument that such rulings constitute prejudicial error.

The contestants' final ground of appeal is that the trial justice committed reversible error in refusing to grant the following requests for instructions to the jury:

> "10. That the absence of an explanation by proponent of a will of inferences unfavorable to him justifies the drawing of an inference of undue influence. *Talon* v. *Jackson* 66 R. I. 302, 1941
> "* * *
>
> "12. That if you find the will in question was procured through undue influence, then the widow, Mary Altongy, will be provided for pursuant to the intestacy provisions of the State of Rhode Island."

---

[5] "Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor if requested; and if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him. With the consent of the court a party may object to an entire line of testimony, or to the entire testimony of a witness, or to testimony on a single subject matter, and if such objection shall be overruled, it shall not be necessary for the party to repeat his objection thereafter, but every part of such testimony thereafter introduced shall be deemed to have been duly objected to and the objection overruled."

We find no error in the refusal of the trial justice to grant the requested instructions. Request No. 10 is vague and ambiguous and would, in our judgment, tend to confuse and mislead the jury. *Talon* v. *Jackson,* 66 R. I. 302, 308, 19 A.2d 4, 6-7, on which contestants rely, is factually distinguishable from the case at bar and is not in point. The fact that proponent Mary Kishfy would be provided for by the intestacy laws of our state has no bearing whatsoever on the issue of undue influence and therefore the trial justice did not err in refusing to grant request No. 12.

The contestants' appeal is denied and dismissed and the judgment appealed from is affirmed.

*Edward I. Friedman, Mary Ellen McCabe,* for plaintiffs.

*Corcoran, Foley, Flynn & Treanor, Francis R. Foley,* for defendant.