Alice O'Brien, Plaintiff-Appellant, v. Casey J. Stefaniak, Defendant-Appellee.

Gen. No. 53,464.

First District, First Division.

October 13, 1970.

Barbera & Friedlander, of Chicago (Earle E. Friedlander, Philip Z. Levinson, and Jerome Marvin Kaplan, of counsel), for appellant.

Querrey, Harrow, Gulanick & Kennedy, of Chicago (John F. Skeffington and Charles F. Scott, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is a personal injury action in which the jury returned a verdict in favor of the defendant, and judg-

ment was entered thereon. On appeal, plaintiff asserts prejudicial trial errors in that (1) the court erred in refusing to permit the testimony of a witness who was not named in pretrial interrogatories; and (2) the court erred in receiving into evidence a survey of the premises involved.

On February 22, 1962, between 8:00 and 8:30 p. m., plaintiff, Mrs. Alice O'Brien, fell and injured her ankle in front of the residence and office of the defendant, Casey J. Stefaniak, who conducted an income tax service from his home located on the west side of the street at 766 State Line Road, Calumet City. His wife Clara and son Robert helped in the business. The bungalow-type home faced east and was built back three or four feet from the public sidewalk. Concrete stairs led from the front door to the private walk that led to the public walk. The stairs and private walk were on the north half of the building. The public walk, which ran north and south parallel to State Line Road, was separated from that street by a parkway about two feet in width.

Plaintiff was employed during the day from 2:00 to 8:00 p. m. and had driven to the premises of defendant to make an appointment to have defendant prepare her income tax return. She arrived at defendant's premises fifteen or twenty minutes after 8:00 p. m. and parked her car on the east side of the street, facing north and a little south of defendant's entranceway. She left the engine running and her purse in the car.

Plaintiff, the only eyewitness, testified she was wearing rubber-soled nurse's oxfords and crossed the street into the city sidewalk, and as she proceeded to the premises she stepped into a hole on the right side of the sidewalk leading up to the building. She heard her foot make a popping noise, felt a terrible pain, stumbled and landed in a sitting position on the city sidewalk. Her screams brought three people out of the Stefaniak building, Clara Stefaniak, Robert Stefaniak, and a customer, Norman Wondraski. They covered her with a blanket and tried to get her on her feet or get her to lie down, but she could not pry her foot loose. After some time, she was taken to a hospital in an ambulance and given emergency

treatment. Her injuries were severe and required extensive hospitalization and therapy treatment. She had a permanent partial loss of foot movements, used a cane, and had constant pain in her right ankle.

Evidence depositions of Dr. Robert G. Husted and Dr. E. W. Johnson were introduced in evidence on behalf of plaintiff. Dr. Husted stated that the plaintiff was a patient of his for several years before the occurrence, and that he treated her in the emergency room of St. Margaret's Hospital on February 22, 1962. He testified that plaintiff stated to a nurse, who wrote down what she said in a hospital record, that she slipped and fell on ice. Dr. Johnson of Mayo Clinic, Rochester, Minnesota, testified that she told him she fell on icy irregular steps as she was going to get her income tax figured.

Defendant's witnesses included the three persons who came to the aid of plaintiff lying on the sidewalk. Mrs. Clara Stefaniak, wife of the defendant, testified that on February 22, 1962, around 8:30 p. m., she was in her husband's office with her son, Robert, and a customer, Mr. Norman Wondraski. Upon hearing a woman's screams from outside the house, the three ran outside and found the plaintiff in a sitting position on the public sidewalk nearest the parkway. She was facing the house, south of the Stefaniak's sidewalk, about three feet north of the driveway on the southern edge of the Stefaniak property. Mrs. Stefaniak also testified that there were ten inches of snow on the parkway, but the sidewalks were clear.

Robert Stefaniak, son of defendant, testified that there were six to eight inches of snow and ice on the parkway, and that he found plaintiff in a lying position about two feet north of the driveway on the southern edge of the property, which was south of the Stefaniak's sidewalk. The plaintiff was lying on the ground facing east (away from the house) with approximately one-half of her body on the public sidewalk and her legs and feet on the parkway. He further testified that upon asking her what had happened, the plaintiff said "she was running across the street to get some tax service done. She attempted to jump over this little patch of ice and of course

caught her foot on the ice, thereby slipping and hurting herself."

Mr. Norman Wondraski testified that he reached the plaintiff last and stated that she wasn't lying down but was on the ground, halfway on the parkway, facing toward the house. She was positioned south of the Stefaniak's sidewalk. He stated he asked her what had happened and that she said she fell, indicating "out toward the street." She asked him to run across the street, turn her car off and bring her her purse, which he did. He said that the car was not directly across the street, but south of the Stefaniak's home.

At the close of plaintiff's evidence, and again when both sides rested, the court denied permission to plaintiff to call as a witness for plaintiff, Sergeant M. Jaranowski, an officer of the Calumet City police department, who had attended the scene after the occurrence and whose name had not been included by plaintiff in answering defendant's pretrial twice-submitted interrogatories seeking the identity of plaintiff's witnesses who had knowledge of the facts involved in the lawsuit.

After the second refusal of permission to call Officer Jaranowski, plaintiff made an offer of proof which stated that if Officer Jaranowski were permitted to testify, he would state that on February 22, 1962, shortly after 8:30 p. m., he attended the scene of an accident at 766 State Line Road, Calumet City. Upon arrival, he found Mrs. Alice O'Brien lying in front of 766 State Line Road. At that time she was in close proximity to the sidewalk belonging to the Stefaniak property, her head to the southeast and her feet to the northwest.

Initially considered is plaintiff's contention that the court erred in refusing to permit Officer Jaranowski to testify. The original interrogatories filed on January 29, 1963, were as follows:

"a) What are the names and addresses of all witnesses in the possession of the plaintiff who were occurrence witnesses to the accident described in plaintiff's complaint?

"b) What are the names and addresses of all persons in the possession of the plaintiff having knowledge of other facts concerning the matters and issues in this cause?"

This was answered on September 16, 1963, as follows:

"a) None other than Plaintiff.

"b) Mr. and Mrs. Stefaniak, their daughter and son, 766 State Line Road, Calumet City, Illinois; policeman and ambulance driver who were called to the accident, names and addresses may be obtained from St. Margaret's Hospital in Hammond, Indiana."

On July 7, 1967, the defendant filed the following supplemental interrogatory:

"State the names and addresses of all persons, of whom you, your agents or attorneys, have learned since September 16, 1963, who, according to their statements at least:

"a. Witnessed the occurrence specified in the complaint.
"b. Were present at the scene immediately before or immediately after the occurrence specified in the complaint."

The answer to the supplemental interrogatory filed on September 8, 1967, stated as follows:

"a. None.

"b. Office personnel."

Plaintiff asserts that neither the original nor the supplemental interrogatory required the disclosure of the identity of the officer. Also, that "an examination of the original interrogatory will show that the word 'relevant' was stricken out but that no other change was made in the language. In Reske v. Klein, 33 Ill App2d 302, the Court held that an interrogatory requesting the identity of persons having knowledge of relevant facts was improper. In Fedors v. O'Brien, 39 Ill App2d 407, the Court held that a witness could not be excluded because his

name was not included in the answer to such an interrogatory." Plaintiff argues that the mere striking of the word "relevant" did not materially change the general nature of the information sought and was clearly the type of interrogatory condemned in the Reske and Fedors cases; that striking the word "relevant" did not make the interrogatory more specific so the witnesses to the particular events sought by the interrogator could be identified. Plaintiff further asserts that the officer's identity had been ascertained only a few days before the trial.

Plaintiff further argues that there was a close question of liability, and that Officer Jaranowski's testimony would corroborate the plaintiff's as to why she fell. Plaintiff states that counsel for plaintiff offered to have plaintiff's counsel interview Officer Jaranowski prior to his testifying, and that the defendant never claimed surprise, but the trial court mentioned it. Plaintiff contends that the trial judge followed an incorrect procedure by not allowing the witness to testify, and that he should have either recessed or declared a mistrial. Authorities cited include Rosales v. Marquez, 55 Ill App2d 203, 204 NE2d 829 (1965); Hansel v. Friemann, 38 Ill App2d 259, 187 NE2d 97 (1963); and Nelson v. Pals, 51 Ill App 2d 269, 201 NE2d 187 (1964).

In Rosales v. Marquez, the court stated (p 207):

> "The nonimposition of the sanction has been approved in cases where there was no surprise, or the surprise was minimal, or where the surprise and the harm caused by it were alleviated by giving the adverse party an opportunity to talk to the witness prior to his testifying, or where the witness' testimony was merely cumulative and corroborative."

In Hansel v. Friemann, the court said (p 266):

> "In the event that it appears to the court that substantial injustice would be done by allowing the witness to testify, or if it appears that the offended party would have chosen different jurors or procured other evidence, it may even be proper for the

court to declare a mistrial. This approach, we feel, will allow for the elimination of the surprise, and will still permit the witness's ultimate testimony and thus further the policy of presenting before the trier of facts all of the truth which may be obtainable."

In Nelson v. Pals, the court stated (p 274) :

"The proof in the case establishes a very close question of liability. Any additional facts could materially affect the verdict, if not bring about a contrary finding. The question of the exclusion of Loren Van Zuidam as a witness, in our opinion, is crucial."

Defendant states that the original interrogatory submitted on January 29, 1963, did not ask for a list of witnesses possessing knowledge of "relevant" facts. Defendant asserts the word "relevant" was deleted and in plaintiff's answers to the interrogatory the question was retyped and the word "relevant" was omitted.

Defendant maintains that the proposed testimony of Officer Jaranowski would be of little assistance to the plaintiff and would corroborate a fact not in need of corroboration and supply testimony not relative or probative of the issues presented. Defendant argues that the court's ruling excluding Officer Jaranowski was a proper exercise of discretion. "The court found that the introduction of the witness took defendant by surprise, that the witness knew nothing about the facts at issue in the case, and that plaintiff had already testified regarding the place where she was lying, and that this was not in issue. A review of plaintiff's offer of proof regarding proposed testimony of Officer Jaranowski bears out the court's findings. The officer would testify only as to the position of plaintiff after the accident and nothing else. The record fails to indicate the probative nature of such testimony and likewise fails to indicate the necessity of corroborating Mrs. O'Brien on this nonessential and peculiarly cumulative point."

Both sides rely on Rosales v. Marquez, 55 Ill App2d 203, 204 NE2d 829, where it is said (p 208) :

"An interview with a witness shortly before he takes the stand is not always a satisfactory substitute for a pretrial deposition. A deposition not only permits a thorough examination under oath but also provides a provable record that can be used for impeachment purposes; it may disclose facts that should be investigated, information that should be verified, leads to other witnesses that should be pursued or aspects of the witness' background that should be checked; it may also reveal data about the witness which would influence the selection of jurors."

■■ After considering this record and the authorities submitted by both sides, we find the interrogatories submitted were proper and did not call for a conclusion of the type prohibited in Reske v. Klein and Nelson v. Pals. The exclusion of Officer Jaranowski's testimony was not an abuse of discretion by the trial judge. Plaintiff states that poor investigation was the reason why Sergeant Jaranowski had not been previously named. The trial was under way at the time and the offer of proof came after the close of all the evidence. The ruling was a proper exercise of sound discretion and within the guidelines set forth in Reske v. Klein. The pronouncements made in Dempski v. Dempski, 27 Ill2d 69, 187 NE2d 734 (1963), apply here. There the court said (p 77):

"The determination of whether or not there was wrongful or inexcusable noncompliance with the discovery order was, in the first instance, the responsibility of the trial judge, and from the record before us it does not appear that his discretion was improperly exercised."

Next considered is plaintiff's contention that the court erred in receiving into evidence a survey of the property involved. The survey showed that the Stefaniak private walk, which led from the public sidewalk to the entrance, encroached on the City property for about five inches. Prior to the court's ruling that the survey was admissible, an extended discussion was had outside the presence of the jury. Plaintiff asserts that photographs of the prop-

erty which were introduced into evidence by plaintiff and defendant adequately represented the premises, and that the survey added nothing. Plaintiff states that the oral descriptions by the witnesses who testified as to the exhibits were plain, and there was no necessity for any further explanation or illustrations used in the survey.

Plaintiff further contends there was no question that the defendant had notice of the defect in the premises, since he admitted that the broken sidewalk had been present for more than a year.

Plaintiff argues that "the reviewing courts have held that where the oral description is plain and no necessity for explanation or illustration appears, or where the testimony has given the jury everything necessary to a full understanding of the issues so that such documentary evidence could not materially benefit the jury, the map, diagram or other document should be properly excluded."

The authorities cited by plaintiff to support her contention that the survey should be excluded include Cooley v. Makse, 46 Ill App2d 25, 195 NE2d 396 (1964); Moore v. Jansen & Schaefer, 265 Ill App 459 (1932); and Smith v. Sanitary District, 260 Ill 453, 103 NE 254 (1913). We have examined them and they are not persuasive here.

■ We conclude that the introduction of the survey into evidence was not error. The issue here is whether plaintiff fell because of the defect in defendant's sidewalk and whether this defect was the proximate cause of her injury, or whether she fell because of the snow and ice on the property. The pronouncements made by the Illinois Supreme Court in Department of Public Works v. Chicago Title & Trust Co., 408 Ill 41, 95 NE2d 903 (1951), apply here. There the court stated (p 52):

> "Plats, photographs, drawings and diagrams, which illustrate the subject matter of testimony, may be received into evidence for the purpose of showing a particular situation, explaining the testimony or enabling to apply the testimony more intelligently to the facts shown."

After examining this record, we find there is no merit in plaintiff's contention of prejudicial trial errors.

For the reasons given, the judgment is affirmed.

Affirmed.

BURMAN, P. J. and ADESKO, J., concur.