403 A.2d 256.

FREDERICK J. GORMLEY *vs.* SESAK VARTIAN *et al.*

JULY 2, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

Doris, J.   This is a slip and fall case. In the Superior Court a verdict was directed for one defendant, the jury returned a verdict for the other defendant, and judgments were entered accordingly. The plaintiff's subsequent motion for a new trial was denied by the trial justice. We affirm.

The plaintiff, Frederick J. Gormley, is afflicted with diabetes and is legally blind. On February 20, 1972, plaintiff fractured his left leg when he fell on the wooden stairs leading to the side entrance of a five-unit apartment house in Cranston. At the time, plaintiff and his wife were social guests of his mother-in-law and stepfather-in-law who resided in the building, which is owned by Armington Realty, Inc. Sesak Vartian, plaintiff's stepfather-in-law, is the president and sole stockholder in the corporation. Both Armington Realty, Inc., and Sesak Vartian were named defendants in this action.

There is no question that plaintiff slipped and fell on the stairs, thereby breaking his leg. The primary controverted matters at trial concerned the cause of the plaintiff's fall and whether it was linked to the negligence of either defendant.

The testimony at trial concerning the condition of the stairs and cause of the injury sharply conflicted. On direct examination plaintiff testifed that the stairs were covered with approximately an inch of snow and ice. He stated that when his foot struck a raised board on the top landing of the stairway, he lost his balance and fell. Under cross-examination, however, contradictory statements emerged regarding the fall. Initially, plaintiff stated that the heel of his shoe did not get caught in anything on the stairs. When subsequently confronted with an answer he had given in response to an interrogatory, he changed his mind and stated that in fact his heel had become caught in a crack. An expert witness called by plaintiff later testified that a crack measuring 5 inches long and 5/8 of an inch wide, existed in the boards on the landing.

Margaret Gormley, plaintiff's wife at the time of the injury, and defendant Vartian, testified that the stairs were completely free of ice and snow. Vartian further testified that because of the construction of the stairway and landing, it was physically impossible for one board to protrude above the others.

At the conclusion of plaintiff's case the trial justice directed a verdict in favor of Vartian. The jury subsequently returned a verdict in favor of Armington Realty, Inc. The plaintiff's motion for a new trial was denied.

On appeal plaintiff raises five issues: four concern evidentiary rulings of the trial justice and one concerns the granting of Vartian's motion for a directed verdict.

## I

At the conclusion of his case plaintiff's counsel requested a continuance to enable him to locate one John Cole, the person who drove plaintiff to the hospital after the fall. Counsel for defendant strenuously objected because Cole has not been listed in plaintiff's answer to an interrogatory propounded by defendant requesting the name and address of any person who had witnessed the accident or had knowledge thereof. The defendant's counsel stated that if he had known Cole would testify, he would have certainly deposed Cole. The trial justice denied plaintiff's motion for a continuance and granted defendant's motion to preclude Cole's testimony because of plaintiff's failure to list Cole in his answer to the interrogatory. The plaintiff contends that this ruling constitutes reversible error. He argues that Cole's testimony was crucial to his case because the other testimony at trial conflicted regarding the existence of ice and snow on the stairway.

As defendant accurately indicates in his brief, plaintiff never actually attempted to call John Cole as a witness. Rather, he simply requested a brief continuance. Nevertheless, the trial justice granted defendant's motion precluding plaintiff from calling Cole, relying upon plaintiff's omission of Cole in his answer to the interrogatory. Accordingly, we view the dispositive question as whether the trial justice's refusal to allow plaintiff to call Cole constituted an abuse of discretion.[1]

---

[1] Even were we to consider the issue otherwise, the standard of review would remain unchanged. The granting or denial of a motion for a continuance is a matter resting within the sound discretion of the trial justice and will not be

Rule 33(c) of the Superior Court Rules of Civil Procedure requires a party to serve amended answers to interrogatories, at least ten days prior to trial, in the event that he subsequently acquires information rendering his previous answer incomplete. Should a party fail to comply with this requirement, the trial justice may, in his discretion, either enter an order precluding evidence about a matter that should have been the subject of the amended answers or he can pass the case.[2] *See* Super. R. Civ. P. 37(d); 1 Kent, R.I. Civ. Prac. §33.12 at 276 (1969). In the instant case the trial justice invoked the former sanction. The plaintiff never moved to pass the case.

The purpose of Rule 33(c) and the other discovery rules is to enable litigants to prepare for trial free from the elements of surprise and concealment so that judgments can rest upon the merits of the case rather than the skill and maneuvering of counsel. *See, e.g., Gebhard* v. *Niedzwiecki,* 265 Minn. 471, 476, 122 N.W.2d 110, 114 (1963); *Evtush* v. *Hudson Bus Transportation Co.,* 7 N.J. 167, 173, 81 A.2d 6, 9 (1951). It is equally clear, however, that forbidding a party to call a witness is a drastic sanction that should be imposed only if it is apparent that the violation has or will result in prejudice to the party asserting the violation. *McGonagle* v. *Souliere,* 113 R.I. 683, 688, 324 A.2d 667, 670 (1974); *see Gebhard* v. *Niedzwiecki, supra* at 478, 122 N.W.2d at 115.

With this admonition in mind, we have no doubt that the trial justice's action in this case did not constitute an abuse of

---

reversed absent an abuse of discretion. *Lemoine* v. *Martineau,* 115 R.I. 233, 238, 342 A.2d 616, 620 (1975); *Kishfy* v. *Kishfy,* 104 R.I. 61, 65-66, 241 A.2d 827, 829 (1968); *Camaras* v. *Moran,* 100 R.I. 717, 720, 219 A.2d 487, 489 (1966). Similarly, it is within the trial justice's discretion to refuse to allow a party to call a witness whose name was not supplied in the answer to a properly propounded interrogatory. *E.g., Buckler* v. *Sinclair Ref. Co.,* 68 Ill. App. 2d 283, 290, 216 N.E.2d 14, 18 (1966); *Southern Pac. Co.* v. *Watkins,* 83 Nev. 471, 493, 435 P.2d 498, 512 (1967); *see McGonagle* v. *Souliere,* 113 R.I. 683, 689, 324 A.2d 667, 670 (1974).

[2]This provision differs from Fed. R. Civ. P. 37(d) which makes no mention of a failure to comply with Rule 33(c) and is designed to eliminate some of the problems discussed in 8 Wright & Miller, *Federal Practice & Procedure* §2050 at 325 (1970).

discretion. The instant case is readily distinguishable from the situation we confronted in *McGonagle*. In *McGonagle* we held that the trial justice committed reversible error when he refused to permit the plaintiff to call a witness in rebuttal, because of a similar Rule 33(c) violation, after the defendant had introduced new evidence during his defense. 113 R.I. at 689, 324 A.2d at 670. In this case plaintiff sought to introduce Cole's testimony as part of his case in chief. Furthermore, in *McGonagle* the record indicated that the plaintiff was unable to contact the prospective witness until the night before he attempted to call him to the stand. *Id.* at 688, 324 A.2d at 669. In the instant case plaintiff knew about Cole and the role he had played in the events of February 20, 1972, for a considerable period of time prior to trial. *See Newsum* v. *Pennsylvania R.R.*, 97 F. Supp. 500, 502 (S.D.N.Y. 1951).

We also find it significant that plaintiff's counsel was unable to offer a meritorious explanation for his failure to supply Cole's name to opposing counsel. At oral argument he conceded that the omission was simply an oversight. The case of *O'Brien* v. *Stefaniak*, 130 Ill. App. 2d 398, 264 N.E.2d 781 (1970), presents a markedly similar factual situation. *O'Brien* was also a slip and fall case in which a crucial issue was the exact location where the plaintiff fell. Twice the plaintiff attempted to call as a witness a police officer who arrived at the scene after the accident. The trial justice sustained the defendant's objections because the officer's name had not been included by the plaintiff in answering the defendant's interrogatory seeking the identity of the plaintiff's witnesses who had knowledge of the facts involved in the suit. As in the instant case, the plaintiff in *O'Brien* argued that the facts presented a close question of liability and that the officer's testimony would corroborate the plaintiff's description of the locus of the fall. The plaintiff in *O'Brien* explained his failure to include the policeman's name in his answer as a product of poor investigation. The *O'Brien* court held that the trial justice had not abused his discretion when he excluded the proffered testimony. *See id.* at 405, 264 N.E.2d at 784-85. We likewise hold that the trial justice was not in error when he precluded plaintiff from presenting Cole as a witness.

## II

The plaintiff's second argument is that the trial justice erred when he permitted defense counsel to impeach plaintiff's testimony with the original complaint.[3] The plaintiff argues that Super. R. Civ. P. 8(e)(2) permits a party to plead alternative causes of action, and therefore one who avails himself of this pleading technique should not be penalized by impeachment directed at the inconsistency. He further argues that the complaint is not a prior inconsistent statement of plaintiff because it was prepared by plaintiff's counsel, not by plaintiff himself.

Although this is a matter of first impression in Rhode Island,[4] the issue has been thoroughly discussed in other jurisdictions and by text writers. When a pleading is amended, the superseded portion disappears from the record as a judicial admission limiting the issues and putting certain facts beyond dispute. Nevertheless, the original pleading remains a statement once deliberately made by the party. *See* 4 Wigmore, *Evidence* §1067 at 88 (Chadbourn rev. ed. 1972). According to the great weight of authority, the original pleading is admissible for impeachment purposes even though it has been abandoned or amended. *See, e.g., Wiseman* v. *Reposa*, 463 F.2d 226, 227 (1st Cir. 1972) (per curiam); *Foster* v. *Feder*, 135 Colo. 585, 587, 316 P.2d 576, 578 (1957); *Carlson* v. *Fredsall*, 228 Minn. 461, 472, 37 N.W.2d 744, 751 (1949); *Stoelting* v. *Hauck*, 32 N.J. 87, 107, 159 A.2d 385, 395 (1960); *Moore* v. *Drennan*, 269 Or. 189, 192, 523 P.2d 1250, 1252 (1974); *Monaco* v. *Gula*, 407 Pa.

---

[3]The original complaint alleged that the plaintiff's injury was caused by a hidden defect covered by ice and snow. Subsequently, an amended complaint was filed that stated the injury was caused by a defect in the stairs. At trial the plaintiff testified that the raised board on which he tripped was not hidden. The original complaint was used to impeach this testimony.

[4]This court's opinion in *O'Connell* v. *King & Son*, 26 R.I. 544, 59 A. 926 (1905), addressed a somewhat analogous problem. In *O'Connell* the defendant had withdrawn his plea of tender. This court held that the plaintiff had the right to attempt to prove the tender as an admission of indebtedness by the defendant. *Id.* at 545, 59 A. at 927.

522, 524, 180 A.2d 893, 894 (1962); 4 Wigmore, §1067 at 88-95; Annot., *Evidence*–Admission in Pleading, 52 A.L.R.2d 516 (1957). The pleader is always able to offer an explanation to the trier of fact why the complaint was amended. In essence, the rule permitting the liberal amendment of pleadings allows a litigant to change horses in midstream but does not relieve him of the burden to show why it was necessary to do so. We believe that the majority view is well founded. Other prior inconsistent statements are routinely admitted to impeach declarants. There is no sound reason why such a statement made in a pleading in a civil action should not also be available for impeachment purposes, particularly in light of the good-faith requirement imposed upon all pleadings by Super. R. Civ. P. 11.

The more difficult question is whether a superseded or abandoned pleading, when signed only by an attorney, should be accepted as emanating from the client; or should the party offering the pleading into evidence be required to show that the client inspired or adopted the utterances contained therein. Wigmore states the general rule as follows: If the abandoned or superseded pleading is verified or signed by the party, or if the utterances therein could have come from no one other than the party, it is competent evidence and should be admitted without any further showing. 4 Wigmore, §1067 at 90; *see, e.g., Buehman* v. *Smelker,* 50 Ariz. 18, 27, 68 P.2d 946, 950 (1937). In the instant case the pertinent factual assertions contained in the complaint could have emanated only from plaintiff as they described the cause of his fall. Accordingly, the trial justice was not in error when he allowed defendant to impeach plaintiff with the complaint without first requiring him to lay a foundation attributing the statement to plaintiff personally.

### III

During plaintiff's presentation of his case a voir dire was conducted, as prescribed in *Handy* v. *Geary,* 105 R.I. 419, 431, 252 A.2d 435, 441-42 (1969), regarding the question of whether plaintiff had taken drugs shortly before the acci-

dent. The trial justice granted plaintiff's motion precluding the introduction of evidence tending to show that plaintiff ingested drugs prior to his fall on February 20, 1972. The trial justice also ruled that defendant could not introduce evidence of a subsequent drug overdose by plaintiff to impeach plaintiff's credibility. During defendant's case, however, defendant was permitted to introduce into evidence hospital records that indicated plaintiff attempted to commit suicide by taking an overdose of sleeping pills, which overdose resulted in his hospitalization from January 28 to February 6, 1976.

On appeal, plaintiff contends that the trial justice's ruling admitting these records starkly contradicts his prior rulings. The plaintiff, however, overlooks the basis of the trial justice's ruling — the records were admissible and probative on the issue of damages. In his amended complaint plaintiff alleged a loss of earnings and earning capacity because of his injury. The plaintiff testified that he had not been able to work since the accident, except for a brief interval, and was further allowed to show what his preinjury earnings were. The hospital records were properly introduced by defendant as an effort to minimize his damages should the jury return a verdict against him. Accordingly, we find no inconsistency in the trial justice's rulings, nor any error.

## IV

Eric Spencer, a safety engineer at Brown University, testified as an expert witness for plaintiff. At the request of plaintiff's counsel, Spencer had measured the height of the risers on the individual steps of the stairway. When asked to relate these measurements to the jury, defendant's objection on grounds of immateriality was sustained. The plaintiff's offer of proof indicated that Spencer's measurements would reveal that the risers varied from 9¼ inches to 6⅞ inches. The trial justice stated that injection of this testimony into the trial near the conclusion of plaintiff's case would unfairly prejudice defendant because all of plaintiff's prior testimony attributed the fall to either the slippery condition of the stairs, a protruding board, or a crack in the landing.

Exclusion of this evidence, argues plaintiff, was reversible error.

Whether expert testimony should be admitted is a matter that primarily rests within the sound discretion of the trial justice. *Cf. Barenbaum v. Richardson*, 114 R.I. 87, 91, 328 A.2d 731, 733 (1974). Concerned with the potential confusion and prejudice that might result from plaintiff's introduction of yet another causal theory of the alleged tort, the trial justice was justified in his ruling.

## V

The plaintiff's final argument is that the trial justice erred when he directed a verdict in favor of the individual defendant Vartian at the conclusion of the plaintiff's case. In considering this issue we view the evidence in the light most favorable to the plaintiff, without weighing the evidence or assessing credibility, and give the plaintiff the benefit of all reasonable and legitimate inferences. *Evans v. Liguori*, 118 R.I. 389, 394, 374 A.2d 774, 776 (1977); *Plouffe v. Goodyear Tire & Rubber Co.*, 118 R.I. 288, 294-95, 373 A.2d 492, 495-96 (1977); *Goodbody & Co. v. Parente*, 116 R.I. 437, 440, 358 A.2d 32, 33 (1976).

The uncontradicted evidence adduced at trial demonstrated that the apartment house was owned by Armington Realty, Inc., and that the injury occurred on the commonly used portion of the premises. The long-standing rule in this jurisdiction is that a possessor of land who leases a portion thereof and retains in his control any other portion that is used in common by his tenants owes to the tenants the duty to maintain the retained portion in a reasonably safe condition consistent with its prospective use. *E.g., Reek v. Lutz*, 90 R.I. 340, 344, 158 A.2d 145, 147 (1960). This duty includes the proper maintenance of passageways and sidewalks outside the demised premises. It has been deemed to encompass cases where the injuries were caused by ice and snow on the common areas, and the landlord knew or should have known of the condition and failed to act within a reasonable time thereafter. *See Fuller v. Housing Authority*,

108 R.I. 770, 774, 279 A.2d 438, 440 (1971). Thus, the duty in the instant case ran from the landlord, Armington Realty, Inc., to the plaintiff, rather than from tenant-host Vartian. Vartian's exclusive control of the corporation is irrelevant to an analysis of his potential personal liability. Accordingly, the trial justice was not in error when he granted Vartian's motion for a directed verdict.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

*James J. McGair*, for plaintiff.

*Gunning, LaFazia & Gnys, Inc., Edward L. Gnys, Jr., Robert W. Smith*, for defendants.