DECISION
This matter is before the Court on defendant, the Great Atlantic and Pacific Tea Company's, Inc. ("A P"), motion for summary judgment pursuant to R.C.P. 56.
Plaintiff Barbara Morgan ("Morgan") was injured in November, 1990 when she fell on the curb/ramp outside the A P located in East Greenwich. She and her husband brought suit against Amalgamated Financial Group IX (owner of the real estate), A P, Richard L. Bowen and Associates, Inc. (architect), and Carpionato Corporation (contractor) alleging that defendants breached their duty of care by failing to properly design, construct, and maintain the concrete sidewalk and curb/ramp located outside the A P. Plaintiffs also allege that defendants violated building codes in the construction and/or design of the ramp. Plaintiff Lynwood Morgan seeks damages for loss of consortium.
A P moves for summary judgment on the basis that as lessee, it had no control over the parking lot where Morgan fell and thus owed Morgan no duty.
Summary judgment is a drastic remedy that should be cautiously applied. McPhillips v. Zayre Corp., 582 A.2d 747, 749 (R.I. 1990); Rustigian v. Celona, 478 A.2d 187, 189 (R.I. 1984). Summary judgment should be issued when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Alfano v. Landers,585 A.2d 651, 652 (R.I. 1991). In passing on a motion for summary judgment, the trial justice must review the pleadings and affidavits in a light most favorable to the party opposing the motion. McPhillips, 582 A.2d at 749; O'Hara v. John HancockMutual Life Insurance Co., 574 A.2d 135 (R.I. 1990). Nevertheless, the party opposing summary judgment may not rest upon mere allegations or denials in its pleading and has an affirmative duty to set forth specific facts showing a genuine issue of fact to be resolved at trial. Quimette v. Moran,541 A.2d 855, 856 (R.I. 1988). Failure to set forth such facts will result in summary judgment being entered against the party opposing the motion. Ardente v. Horan, 117 R.I. 254, 257-58,366 A.2d 162, 164 (1976).
In the present case A P contends that it owed Morgan no duty because she fell in a common area controlled not by A P, but by the lessor. A P leased space at the shopping center owned by the Carpionato Corp. A P argues that according to the terms of the lease, the sidewalk and the curb where Morgan fell were common areas which Carpionato Corp. was responsible for maintaining. Paragraph 2 of the lease grants A P an easement to use common areas, defined as "parking areas, roads, streets, drives, tunnels, passageways, landscaped areas, open and enclosed malls, exterior ramps, walks and arcades." An exhibit attached to the lease shows the demised premises as a cross-hatched area confined to the perimeter of the building. Paragraph eleven of the lease provides that the landlord has responsibility to "keep and maintain the Common Area in good condition and repair" and also contains an indemnification clause in which the landlord holds harmless and indemnifies the tenant:
 from any and all claims, causes of action, damages, expenses and liability, including reasonable attorney's fees, sustained or incurred by any persons (other than Tenant, its employees and agents) which are based upon or arise out of illness or injury, including death of any person or property damage to any property and which arise from or in any manner grow out of any act or omission of Landlord, its agents, partners or employees in the Common Area.
This Court agrees with A P that a lessee generally has no duty to maintain the common areas. Rather, a possessor of land owes a duty of reasonable care to those reasonably expected to be on the premises of the common area. Gormley v. Vartian,121 R.I. 770, 780, 403 A.2d 256, 261 (1979). The question of whether there exists a duty of care is a question for the court, and if no duty exists, summary judgment must be granted. Banks v.Bowen's Landing Corp., 522 A.2d 1222, 1224-25 (R.I. 1987). In this case, the record supports A P's position that it owed Morgan no duty under the lease for accidents occurring in the common area, including the curb/ramp where Morgan fell.
This analysis is not controlling, however, because Plaintiffs seek to hold A P liable on the theory that A P breached its duty to insure the proper design, construction and maintenance of the sidewalk and curb/ramp where the accident occurred. Plaintiffs assert that under the terms of the lease agreement, final plans for the supermarket and shopping center were subject to the approval of A P. Paragraph seven of the lease sets forth detailed construction procedures. It states that A P has already provided preliminary plans for the supermarket and that the landlord agreed to incorporate these plans in the architect's plans and specifications. It also states that A P has thirty days after receiving the plans and specifications to approve them or to request changes. With respect to the consequences of A 
P's approval, the lease states:
 Tenant's approval of the Plans and Specifications shall not constitute an opinion or agreement by Tenant that the Tenant's Building or other Improvements, including, without limitation, the Common Area paving and sub-strata thereof, are structurally sufficient or that the Approved Plans and Specifications are in compliance with law (it being agreed that such compliance is solely Landlord's responsibility) nor shall such approval impose any present or future liability on Tenant or waive any of Tenant's rights hereunder, it being agreed that in all instances the Criteria Drawings shall prevail.
There is no evidence in the record that A P approved the preliminary plans or requested changes to the preliminary or final plans. There is no evidence in the record that the curb/ramp was defectively designed or constructed. See Nicholav. John Hancock Mutual Life Insurance Co., 471 A.2d 945, 948 (R.I. 1984) ("The nonmoving party has an affirmative duty to set forth specific facts showing that there exists a genuine issue of fact to be decided at trial"); see also Celotex Corp. v.Catrett, 477 U.S. 317, 322 (1986) (to defeat summary judgment, the nonmovant must do more than simply show there is some "metaphysical doubt as to material facts"). Furthermore, the indemnity clause protects A P from liability based on its approval of the plans. Likewise, the indemnity clause in paragraph eleven (quoted above) for accidents occurring in the common area due to acts or omissions of the landlord, also relieves A P of liability. See McGuire v. Folly LandingRestaurant, 636 A.2d 1325, 1326 (R.I. 1994) (indemnity clauses are valid).
Thus, this Court finds that A P, as lessee, did not owe Morgan a duty of care to maintain the curb/ramp where Morgan fell because the curb/ramp was located in the common area. Furthermore, even though A P fails to address the issue of its liability under Plaintiffs' theory that it was responsible for the allegedly defective design and construction of the curb/ramp, this Court finds that A P is entitled to summary judgment because there is no evidence before this Court that the design or construction of the curb/ramp was defective. Even assuming that the design or construction of the curb/ramp was defective, there is no evidence in the record that A P requested changes to the plans. Moreover, the lease provides that any approval by A P is not an "opinion or agreement" that the buildings or common areas are "structurally sufficient or . . . in compliance with law." Finally, the lease indemnifies A P for liability.
Accordingly, as this Court finds there is no genuine issue of material fact and that A P is entitled to judgment as a matter of law, A P's motion for summary judgment is granted. Counsel shall submit the appropriate judgment for entry.