Leonard BERGERSEN

v.

NAVY FEDERAL CREDIT UNION and New England Repossession Services, Inc.

No. 96–321–Appeal.

Supreme Court of Rhode Island.

Jan. 28, 1998.

Leonard L. Bergersen.

Michael P. Duffy, Boston, MA, Marty C. Marran, Cranston.

## ORDER

The plaintiff, Leonard Bergersen, appeals pro se from the entry of a Superior Court summary judgment in favor of defendants, Navy Federal Credit Union (Navy Federal) and New England Repossession Services, Inc. (New England). This court ordered the plaintiff to show cause why his appeal should not be summarily denied and dismissed. Upon review of the record and the parties' submissions, a panel of this court concludes that no cause has been shown and that the plaintiff's appeal should be dismissed.

The plaintiff filed a multi-count complaint against defendants on October 26, 1992. The complaint alleged that defendants unlawfully repossessed his vehicle, a 1990 Volvo, which he purchased in 1990 with the proceeds of a loan from Navy Federal. The plaintiff claimed that Navy Federal negligently authorized the repossession of the vehicle, that the vehicle's repossession in a public place caused plaintiff embarrassment and harmed his professional reputation, that defendant's actions inflicted emotional distress upon him, and that the vehicle was damaged as a result of the repossession.

The plaintiff contends on appeal that the hearing justice erred in refusing to grant him a continuance on the day of the summary-judgment hearing. He argues that he was denied the opportunity to engage substitute counsel to argue the motion on his behalf after his previous lawyer had been allowed to withdraw from the case. However, plaintiff did not file a motion for a continuance prior to the hearing on the summary-judgment motion, despite the offer of plaintiff's former attorney to file such a motion for him. The plaintiff was aware that his attorney had been allowed to withdraw before the hearing on the summary-judgment motion, and it appears that he was informed of her intent to withdraw well before the motion was even filed in Superior Court. Thus, as the hearing justice pointed out, plaintiff appeared to be largely responsible for his own predicament.

It is well settled that the granting or denial of a motion for a continuance is within the sound discretion of the hearing justice and will not be overturned by this court absent an abuse of discretion. *Gormley v. Vartian,* 121 R.I. 770, 774–75 n. 1, 403 A.2d 256, 258 n. 1 (1979). Given the circumstances referenced above, we conclude that plaintiff's oral motion for a continuance—presented on the date of the summary judgment hearing—and his oral opposition to the summary-judgment motion lacked the requisite evidentiary support required by Rule 56 of the Superior Court's Rules of Civil Procedure. Having failed to present any affidavits or other evidentiary material to the hearing justice, plaintiff cannot raise on appeal arguments that were not properly presented and supported when the Superior Court decided this motion. A party opposing a summary-judgment motion who "cannot for reasons stated present by affidavit facts essential to justify that party's opposition," Sup.Ct.R.Civ.P. 56(f), must present an affidavit(s) to support such contentions to qualify for a continuance. *See, e.g., Mitchell v. Burrillville Racing Ass'n,* 673 A.2d 446, 448 (R.I.1996). This plaintiff failed to do so. Accordingly, because the plaintiff did not satisfy his obligations in opposing a summary-judgment motion or in seeking a continuance thereof, the hearing justice did not err in granting the summary-judgment motion. The plaintiff's appeal is therefore dismissed and the judgment appealed from is affirmed.

LEDERBERG and BOURCIER, JJ., did not participate.