Chanthanom THANADABOUTH and
Vonguisay Thanadabouth

v.

Vilayvahn KONGMANY and
Singbpheng Kongmany.

No. 96–455–Appeal.

Supreme Court of Rhode Island.

Feb. 12, 1998.

Joseph S. Votta, Jr., Providence.

Christopher M. Orton, Warwick.

## ORDER

This case came before us for oral argument January 21, 1998, pursuant to an order that had directed the appellants to appear in order to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The plaintiffs, Chanthanom Thanadabouth and Vonguisay Thanadabouth (tenants) have appealed from a summary judgment entered by a justice of the Superior Court in favor of the defendants, Vilayvahn Kongmany and Singbpheng Kongmany (landlords). The justice entered the summary judgment on the ground that the landlords had no legal duty to the tenants to provide additional exterior lighting in the rear of the premises to prevent a criminal act by third persons.

The landlords were the owners of a two-family house located at 41 Florence Street in the city of Providence. Shortly after the purchase of this house in 1987, the landlords occupied the second floor of the house as their residence and rented the first floor tenement to the tenants. Mrs. Kongmany is the sister of the plaintiff, Mrs. Thanadabouth.

It is undisputed that the neighborhood in which this dwelling is located has a high crime rate. However, there had been no prior criminal activity on the premises concerning either party prior to the event which gave rise to this litigation.

On December 15, 1990, the tenants were confronted by an armed man in a hooded sweatshirt who demanded the wife's purse, speaking in her native Laotian. The wife was carrying the proceeds of the sale of their restaurant as well as additional cash and jewelry which had been taken from a safe in the basement of the restaurant premises. The estimated total of money in the purse was more than $10,000. The husband believed that one or more of the restaurant customers was aware that the wife was carrying cash in her purse. At the time of this confrontation it was dark and was raining heavily. The time was approximately 5:45 p.m. The residence had two exterior lights, one near the driveway and the other in the rear. Both lights were on, but were described by Mrs. Thanadabouth as not very bright.

The wife refused to surrender her purse as demanded by the robber and grabbed for the gun. In the course of the struggle she was shot through her left hand and also in the back. The robber then seized her purse and fled in a waiting car. As a result of her wounds, the wife was rendered paraplegic.

Although we have held that a landlord has the obligation to use reasonable care to maintain the common areas of rented premises in a reasonably safe condition consistent with its prospective use, *Izen v. Winoker,* 589 A.2d 824, 827 (R.I.1991); *Gormley v. Vartian,* 121 R.I. 770, 780, 403 A.2d 256, 261 (1979), including the provision of adequate illumination on a walkway to prevent injury, *Dodge ·v. Parish of the Church of the Transfiguration,* 106 R.I. 342, 348, 259 A.2d 843, 846–47 (1969), we have never imposed a duty upon a landlord to provide outdoor illumination to prevent criminal conduct. The question presented by the entry of summary judgment in this case is whether as a matter of law such a duty exists. *See Ferreira v. Strack,* 636 A.2d 682, 685 (R.I.1994). Since the existence of a duty is a question of law for the judge, summary judgment would be an appropriate determination in the absence of such a duty. *Banks v. Bowen's Landing Corp.,* 522 A.2d 1222, 1224–25 (R.I.1987).

In our opinion a landlord does not have a duty, in the absence of special circumstances not present in this case, to protect his or her tenants from criminal conduct by a third party. Certainly, the providing of illumination to prevent a tenant from falling or running against an obstruction could not be expanded to provide illumination of a type necessary to discourage a criminal act.

The justice who heard this case determined as a matter of law that there was no duty to provide more illumination than had been provided by the landlords. Since the only purpose of such illumination was to prevent injury from falling or running against obstructions and not to provide protection against criminal conduct by third persons, we· are of the opinion that the motion justice was correct in his determination.

Consequently the appeal of the plaintiffs is denied and dismissed. The summary judgment entered in the Superior Court is affirmed.

BOURCIER, J., did not participate.